Whitley v. Meador.

## MOLLIE WHITLEY *et al. v.* G. J. MEADOR.*

## *(Nashville.* December Term, 1916.)

1. DIVORCE. Estates by entirety. Effect of divorce.

An estate by the entireties is converted into an estate in common by a divorce of the owners; but, where the husband parts with his interest in the land before the divorce, the decree does not make the wife and the husband's vendees tenants in common, the vendees standing in the same relation as the husband did before the decree, and, in such case, if the wife survives the husband, she becomes the absolute owner of the whole estate. (*Post, pp.* 166, 167.)

Cases cited and approved: Hopson v. Fowlkes, 92 Tenn., 697; Ames v. Norman et al., 36 Tenn., 683; Gillespie v. Worford, 42 Tenn., 642; Aiken v. Suttle et al., 72 Tenn., 103; Harrer v. Wallner, 80 Ill., 197; Stuckey v. Keefe's Executors, 26 Pa., 397; Beddingfield v. Estill, 118 Tenn., 39.

2. HUSBAND AND WIFE. Estates by entirety. Effect of divorce.

The death of one tenant by the entirety effects a change in the properties of the legal person holding, and reduces the legal personage holding the estate to an indi- iduality identical with the natural person, and the estate of the survivor is freed from participation by the other. (*Post, pp.* 166, 167.)

3. LIMITATION OF ACTIONS. Accrual. Estates by entirety. Death of husband.

Since in an estate by the entirety the wife has no separate right to the whole estate until her husband's death, at which time she owns the entire estate by right of survivorship, she would not be barred by lapse of time reckoned from the date of the conveyance made by her husband, since the statute of seven years would not begin to run against her until her husband's death. (*Post, pp.* 167, 168.)

*On effect of divorce on tenancy by entireties, see notes in 30 L. R. A., 333; 10 L. R. A. (N. S.), 463; L. R. A., 1915C, 396.

Whitley v. Meador.

Cases cited and approved: Miller v. Miller, 19 Tenn., 484;  Aiken
v. Suttle, 72 Tenn., 109;  McCorry v. King's Heirs, 22 Tenn., 267;
Harrer v. Wallner, 80 Ill., 203;  Robinson's Appeal, 88 Me., 17.

FROM MACON.

Appeal from the Chancery Court of Macon County.
—A. H. ROBERTS, Chancellor.

W. A. SMITH and SMITH & SMITH, for appellant.

J. S. WOOTEN and T. E. FAUST, for appellee.

MR. SPECIAL JUSTICE CLARK delivered the opinion of
the Court.

This case involves the question of the ownership of
a certain house and lot in Macon county, Tenn.,
claimed by the complainant, Mollie Whitley, and also
by the defendant Meador.  The defendant was in pos-
session of the house and lot at the time the bill
in this case was filed, and had been in possession for
a number of years.  In her bill, the complainant
charges that she is the owner of the property, and
she seeks to eject the defendant and to have an ac-
counting for rents.

The defendant denies that plaintiff is the owner of
the property, or that she is entitled to the possession
of the same, and insists that the title to the property
is in him, as is also the right of possession.

It appears that in January, 1905, complainant and
her then husband, S. F. Holland, became the owners
of the house and lot in question under a deed that

vested the title in them as tenants by the entirety. In August, 1906, S. F. Holland undertook, by deed, to convey the property in question to Faust and others, and in May, 1907, Faust and others undertook to convey the property by deed to the defendant, G. J. Meador. Both of these deeds were duly acknowledged by the makers and were duly registered. Mrs. Holland, now Mrs. Whitley, did not join in either of these deeds. Mrs. Holland and her husband were not living on the property at the time the deed was made to Faust and others, and the vendees in that deed went into possession of the property about the time the deed was made to them, and remained in possession until they conveyed the same to the defendant, Meador, when said defendant went into possession of said property, and has since remained in possession of same, claiming it as his own.

In March, 1912, Mrs. Holland was granted an absolute divorce from S. F. Holland. The house and lot in question was not referred to in the pleadings in the divorce case, and no adjudication was made with reference to same.

In June, 1913, Mrs. Holland married her present husband, Joel Whitley. S. F. Holland died in April, 1914, and the bill in this case was filed July 30, 1915.

Defendant insists that the deed from S. F. Holland was effective to vest his vendees with a good title to said house and lot, and that the deed from Holland's vendees to him vests him with a good title to said property. It is also the insistence of the defendant

that, if the deed from S. F. Holland was not effective to convey to his vendees a good title to said property, that since he and his vendors have been in possession of said property for more than seven years, claiming it adversely and under color of title, plaintiff is barred by the statute of limitation of seven years; that in any event it was incumbent upon Mrs. Whitley to bring her action for the possession of said property within three years from the time that the disability of coverture was removed; that this disability was removed when she procured an absolute divorce from S. F. Holland in March, 1912, and since the bill in this case was not filed until July, 1915, more than three years had elapsed since she became discovert; and that she is therefore barred by the statute of limitation of three years.

An estate by the entirety is converted into an estate in common by a divorce of the owner. *Hopson* v. *Fowlkes,* 92 Tenn., 697, 23 S. W., 55, 23 L. R. A., 805, 36 Am. St. Rep., 120. But where the husband has parted with his interest in the land before the procurement of the divorce, the decree of divorce is not effective to make the wife and the husband's vendees tenants in common. The husband's vendees stand in the same relation to the land that he occupied before the decree for divorce, and the husband's vendee is vested with the right of the husband as it existed at the time of the sale, and if the wife survives the husband she becomes the absolute owner of the whole estate by right of survivorship. *Ames* v. *Norman et al.,*

4 Sneed, 683, 70 Am. Dec., 269; *Gillespie* v. *Woodford,* 2 Cold., 642; *Aiken* v. *Suttle et al.,* 4 Lea, 103; *Harrer* v. *Wallner,* 80 Ill., 197; 4 Cyc., 728. The death of one tenant by the entirety effects a change in the properties of the legal person holding, and reduces the legal personage holding the estate to an individuality identical with the natural person, and the estate of the survivor is freed from participation by the other. Washburn on Real Property, vol. 1, p. 707; *Stuckey* v. *Keefe's Executors,* 26 Pa., 397; *Bedding-field* v. *Estill,* 118 Tenn., 39, 100 S. W., 108, 9 L. R. A. (N. S.), 640, 11 Ann. Cas., 904.

The wife does not have a separate right to the possession of the whole estate until the death of her husband, at which time she becomes the separate owner of the whole property by right of survivorship. She would not, therefore, be barred by lapse of time reckoned from the date of the conveyance made by her husband, and the statute of limitation of seven years would not begin to run against her until the death of her husband and she became entitled to the separate possession of the whole property by right of survivorship. *Miller* v. *Miller,* Meigs, 484, 33 Am. Dec., 157; *Aiken* v. *Suttle,* 4 Lea, 109; *McCarty* v. *King's Heirs,* 3 Hump., 267, 39 Am. Dec., 165; *Harrer* v. *Wallner,* 80 Ill., 203; *Robinson's Appeal,* 88 Me., 17, 33 Atl., 652, 30 L. R. A., 335, 51 Am. St. Rep., 367.

We are therefore of the opinion that the statute of limitations of seven years did not begin to run against Mrs. Whitley until the death of her husband, which

Whitley v. Meador.

was in April, 1914, and, the suit having been brought within the seven years, her right of action was not barred. The chancellor sustained the bill, and decreed that Mrs. Whitley was the owner of the property and entitled to the possession of same, and his decree is affirmed. Appellants will pay the costs.