**THIRD NATIONAL BANK IN NASH-VILLE, Plaintiff–Appellant,**

v.

**Donald Gay KNOBLER, Linda R. Knobler, Jonnie T. Winnard, Tim M. Taylor, and Capitol Mortgage Corporation, Defendants–Appellees.**

Supreme Court of Tennessee,
at Nashville.

April 23, 1990.

Robert C. Goodrich, Jr., Joseph R. Prochaska, Nashville, for plaintiff-appellant.

John P. Long, Nashville, for defendants-appellees.

OPINION

BEN H. CANTRELL, Special Judge.

This Court granted Third National Bank's application to review the Court of Appeals' holding that a previously attached survivorship interest in property owned as tenants by the entireties was destroyed by a subsequent conveyance of the property by the owners.

Although this case has had a lengthy history, the only facts pertinent to the present appeal may be briefly stated.

Mr. and Mrs. Knobler owned some real property as tenants by the entireties. Prior to the dissolution of that tenancy, but during the pendency of an action for divorce, Third National Bank levied on Mr. Knobler's right of survivorship in one of the properties. Since that time, through three appeals and sundry other proceedings in the courts of Williamson and Davidson Counties, the bank has been tenaciously clinging to its interest.

In the divorce proceeding the court ordered the property sold. Jonnie T. Winnard, one of the appellees here, bought the property at the sale. In March of 1987 the Davidson County Chancery Court held that the bank's lien on the survivorship interest of Mr. Knobler survived the subsequent divorce and sale of the property. That decision was not appealed. The bank then moved to have the survivorship interest sold in a judicial sale pursuant to Tenn. Code Ann. § 35–5–101 et seq. In an order entered on August 21, 1987, the chancellor denied the requested sale on the ground that the cited code sections applied to judicial sales of land and not to the survivorship interest.

The bank appealed the August 21 order of the chancery court, and the Court of Appeals reversed the chancellor on the question presented, i.e. the applicability of Tenn.Code Ann. § 35–5–101 et seq., to a sale of the survivorship interest. Then, although neither party raised the issue, the Court of Appeals went on to hold that the sale of the property destroyed the survivorship interest of Mr. Knobler. Therefore, the Court reasoned, the bank's lien on that

interest also vanished with the sale. The Court said, "when the tenancy ends all rights of survivorship are extinguished."

### A.

■ We are of the opinion that the holding of the Court of Appeals on the survivorship issue must be reversed for two reasons. First, because the judgment holding that the interest survived the sale was not appealed and became final. The chancery court rendered its judgment on March 3, 1987. The next entry in the records of that court is a motion filed on June 4, 1987 for a judicial sale of the survivorship interest.

It is our conclusion that the judgment entered on March 3, 1987 was a final, appealable judgment under Rule 3 of the Tennessee Rules of Appellate Procedure. Since a notice of appeal under Rule 3(e), Tenn.R.App.P., or other motion specified in Rule 4(b), Tenn.R.App.P., was not filed within thirty days of the entry of the judgment, review of the question decided is now foreclosed in the appellate courts. *See Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181 (Tenn.App.1985).

■ In addition, we are of the opinion that the Court of Appeals erred on the merits of the survivorship issue. There are numerous cases in Tennessee holding that the right of survivorship, previously conveyed or attached by a judgment creditor, is not destroyed by the dissolution of the tenancy by the entireties. In *Weaks v. Gress*, 225 Tenn. 593, 474 S.W.2d 424 (1971), this Court held that a conveyance by the husband and wife, after a judgment lien had attached to the husband's interest in property held by the entireties breached the warranty against encumbrances in the deed to the purchaser. We think that decision is squarely on point. To the same effect is *Ames v. Norman*, 36 Tenn. 683 (1857), where the Court held that a subsequent divorce which destroyed the tenancy by the entireties, had no effect whatever on the rights of one who had purchased the survivorship interest at an execution sale. *See also Aiken v. Suttle*, 72 Tenn. 103 (1879) and *Whitley v. Meador*, 137 Tenn. 163, 192 S.W. 718 (1917).

The Court of Appeals was of the opinion, however, that the result in these cases would be different since the decision of this Court in *Robinson v. Trousdale County*, 516 S.W.2d 626 (Tenn.1974). In that case, this Court reversed a number of older cases holding that the common law disabilities of coverture had been reinstated by Chapter 126, Acts of 1919, after being removed by the Married Women's Emancipation Act of 1913.

One of the cases criticized in *Robinson* was *In Re Guardianship of Plowman*, 217 Tenn. 487, 398 S.W.2d 721 (1966), on which the Court in *Weaks v. Gress* relied for its holding that the survivorship interest in property held by the entireties is alienable. The Court of Appeals reasoned that the entire foundation for the holding in *Weaks v. Gress* had been reversed. We cannot agree with that analysis. The alienability of the survivorship interest was not affected by *Robinson v. Trousdale County*. In fact, this Court in that case said:

> From this date forward each tenant shall have a joint right to the use, control, incomes, rents, profits, usufructs and possession of property so held, and neither may sell, encumber, alienate or dispose of any portion thereof *except his or her right of survivorship, without the consent of the other.* (Emphasis supplied)

516 S.W.2d at 632.

The rule reversed in that case was the rule that a married woman in Tennessee still suffered from the common law disabilities of coverture. The decision did not reverse *In Re Plowman* on the point essential to the court's decision in *Weaks v. Gress.*

### B.

The Court of Appeals also expressed the opinion that the result it reached was consistent with the policy of free transferability of the property. The Court said, "were the rule otherwise, the conveyed right of survivorship of one spouse would prevent the other from being able to join with the one to pass a marketable title." We fail to

see, however, how the other spouse's position is worsened by the fact that a survivorship interest is now held by a third party. In order to convey a marketable title, a spouse must obtain the consent of the other spouse if the property is held by the entireties. If the survivorship interest is held by a third party, the spouse must obtain the consent of that party in order to convey a marketable title. The marketability of the title is the same, in either event.

The Court of Appeals is affirmed on the issues appealed from the chancery court and reversed on the issue of the survivorship interest. The cause is remanded to the Chancery Court of Davidson County for any further proceedings that may become necessary. Tax the costs on appeal to the appellees.

DROWOTA, C.J., and FONES, HARBISON and O'BRIEN, JJ., concur.