In re Norbert M. ARANGO, Debtor.

Norbert M. ARANGO, Plaintiff–Appellant,

v.

THIRD NATIONAL BANK IN NASHVILLE, Defendant–Appellee.

No. 92–5929.

United States Court of Appeals, Sixth Circuit.

Argued March 15, 1993.

Decided April 26, 1993.

612

William S. Lockett, Jr. (argued and briefed), Kennerly, Montgomery & Finley, Knoxville, TN, for plaintiff-appellant.

Robert C. Goodrich, Jr. (argued), Anthony N. Creasy (briefed), Farris, Warfield & Kanaday, Nashville, TN, for defendant-appellee.

Before: MARTIN and SILER, Circuit Judges; and COFFIN, Senior Circuit Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

Norbert N. Arango appeals the district court's refusal to allow him to avoid a judicial lien in bankruptcy. We affirm.

Third National Bank received a judgment against Norbert Arango in the amount of $87,283.82 on March 12, 1991. On April 19, 1991, Third National recorded the judgment in Blount County, Tennessee. Third National's recorded judgment is a judicial lien against all property owned by Arango in Blount County. See Tenn.Code Ann. § 25-5-101(b) (1986 & Supp.1993).

On September 18, 1991, Arango filed a petition for personal bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701, et seq. (West 1980 & Supp.1993). As required, he filed a list of property that is exempt from bankruptcy, claiming as exempt all property that he held as a tenant by the entirety. At the time he filed his bankruptcy petition, Arango and his wife owned three parcels of property, numerous personal items, stocks, and checking accounts in Blount County, Tennessee as tenants by the entirety.

Pursuant to 11 U.S.C. § 522(f), Arango initiated an adversary proceeding in the bankruptcy court to avoid Third National's judicial lien. The bankruptcy court, 136 B.R. 740, refused to allow Arango to avoid any part of Third National's lien, and the district

* The Honorable Frank M. Coffin, Senior Circuit Judge of the United States Court of Appeals for the First Circuit, sitting by designation.

court affirmed the bankruptcy court's decision. Arango then filed this timely appeal.

■ The underlying policy of Chapter 7 of the Bankruptcy Code of 1978 is to allow insolvent honest debtors to declare bankruptcy and, following the bankruptcy proceedings, receive a fresh start. At the conclusion of Chapter 7 bankruptcy proceedings, the debtor's bankruptcy estate is distributed to the debtor's creditors according to the criteria established in the Bankruptcy Code. *See* 11 U.S.C. §§ 541, 726. All remaining debt of honest debtors is discharged. 11 U.S.C. § 727. To ensure that debtors do not begin their fresh starts with absolutely no property, the Bankruptcy Code exempts some property from debtors' bankruptcy estates. *See* 11 U.S.C. § 522 (to exempt entireties property from the bankruptcy estate, it must first be considered part of the bankruptcy estate). To protect their exempt property following bankruptcy, debtors may file suit as part of their bankruptcy proceedings to avoid certain liens that "impair" their exemptions. 11 U.S.C. § 522(f).

Debtors may have a choice of exemption schedules. Under section 522(b), the debtor may choose to exempt property under subsection 522(b)(1) or subsection 522(b)(2). Under the former, the debtor may choose from the list of federal exemptions under section 522(d) or from a list of exemptions under applicable state law, unless the state has "opted out" of the federal exemptions. *See* 11 U.S.C. § 522(b)(1). However, under subsection 522(b)(2), a debtor who owns entireties property may exempt interests in that property if it is not subject to process under applicable state law. *See* 11 U.S.C. § 522(b)(2). Arango has claimed exemptions under subsection 522(b)(2), so we must refer to that subsection to decide this case.

Under 11 U.S.C. § 522(b)(2)(B), a debtor may exempt from the bankruptcy estate:

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest, as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

Therefore, to determine whether Third National's lien impairs any of Arango's exempt property, we must first look to Tennessee law to classify Arango's interests in entireties property. We then determine which of those interests is exempt from his bankruptcy estate by determining whether each particular interest is subject to execution under Tennessee law.

■ Under Tennessee law, when husband and wife hold property together, they are presumed to hold it as tenants by the entirety unless the documents which evidence their ownership indicate that the property is held separately. *E.g., Smith v. Sovran Bank Central South,* 792 S.W.2d 928, 930 (Tenn.Ct.App.1990) (citations omitted). Under tenancy by the entirety, the husband and wife *as a unit* have the right to the current use and enjoyment of the property. *Robinson v. Trousdale County,* 516 S.W.2d 626, 632 (Tenn.1974). As individuals, they each possess a right of survivorship: if one spouse dies, then the other spouse takes the property in fee simple absolute. *Id.* Each spouse may convey his or her right of survivorship without the consent of the other. *Id.; Third Nat'l Bank v. Knobler,* 789 S.W.2d 254, 255 (Tenn.1990). However, the husband and wife's present right to use and enjoy the property may be transferred only by consent of both the husband and the wife. *Robinson,* 516 S.W.2d at 632. Therefore, a third party, such as a lien creditor, may own one spouse's right of survivorship without the consent of the other spouse, but a third party may not own a present possessory interest in the property without the approval of both spouses. *Third Nat'l Bank,* 789 S.W.2d at 255. Accordingly, a creditor of only one spouse may execute a judgment against only that spouse's right of survivorship but not against the spouse's present possessory interest.

■ Congress could have taken two main approaches in dealing with tenancy by the entirety. Congress could have excluded entireties property from the definition of the "legal or equitable" interests of the debtor in section 541(a)(1). Under this approach, the Arangos' present possessory interest in the entireties property would not be a part of Arango's individual bankruptcy estate be-

cause he and his wife, as a unit, but not as individuals, own the present possessory interest in their entireties property. Congress did not choose this approach. Instead, Congress implicitly defines all of Arango's interest in entireties property as property which is part of his individual bankruptcy estate, but exempts his interest in entireties property from his bankruptcy estate to the extent that his interest is not subject to execution under Tennessee law. *See* 11 U.S.C. § 522(b)(2)(B). Therefore, incorporating Tennessee law into 11 U.S.C. § 522(b)(2)(B), as required by that subsection, Arango's bankruptcy estate does not include his present possessory interest in property he holds as a tenant by the entirety, but his bankruptcy estate does include his right of survivorship in that property.

This case highlights the fact that the Bankruptcy Code does not always incorporate a state's definition of property into section 541(a)(1). By writing in section 522(b)(2)(B) that entireties property is exempt from the bankruptcy estate, Congress implies that an individual's entireties property is a "legal or equitable interest" in property that is part of his bankruptcy estate, despite the fact that Tennessee law does not consider entireties property to be owned by an individual.

In addition, the Bankruptcy Code's method for dealing with entireties property highlights a reconcilable conflict between Tennessee's understanding of property and the Bankruptcy Code's understanding of property. Under Tennessee law, Arango does not, as an individual, have a present possessory interest in entireties property. Instead, Arango and his wife, as a unit which is separate and apart from them as individuals, have a present possessory interest in entireties property. The practical effect of Tennessee's legal construct is that Arango has the right to use and enjoy entireties property, at least until his wife may predecease him or he and his wife, together, convey their present possessory interest, despite the legal belief that Arango does not have a present possessory interest. Under the Bankruptcy Code, on the other hand, Arango does have a present possessory interest in entireties property which is considered part of his individual

bankruptcy estate under section 541(a)(1). The Bankruptcy Code reconciles its concept of entireties property with Tennessee's concept of entireties property, however, by exempting entireties property from the debts of individual spouses under section 522(b)(2)(B). In this way, the Bankruptcy Code accommodates states like Tennessee that have adopted the entireties-property concept, without having to incorporate that concept into the bankruptcy definition of property in section 541(a)(1).

■ Based on the premise that his present possessory interest in entireties property is exempt from his individual bankruptcy estate, Arango argues that he may avoid Third National's lien against his survivorship interest under 11 U.S.C. § 522(f)(1). That subsection provides:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of a debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this Section, if such a lien is—
>
> (1) A judicial lien;  ....

Arango bases his argument that Third National's lien impairs his interest in exempt property, his present possessory interest, on language in *Third Nat'l Bank,* 789 S.W.2d at 255–56, which states,

> In order to convey a marketable title, a spouse must obtain the consent of the other spouse if the property is held by the entireties. If the survivorship interest is held by a third party, the spouse must obtain the consent of that party in order to convey a marketable title. The marketability of the title is the same, in either event.

Arango argues that the Tennessee Supreme Court in *Third Nat'l Bank* decided that the owner of a survivorship interest must give consent before the spouses may convey their present possessory interest in the property. Arango argues that he should therefore be allowed under 11 U.S.C. § 522(f)(1) to avoid Third National's lien on his survivorship interest because it impairs his and his wife's ability to convey their present possessory

interest. In the language of subsection 522(f)(1), Arango argues that Third National's lien "impairs an exemption to which the debtor would have been entitled."

*Third Nat'l Bank* does not stand for the proposition that owners of the present possessory interest of a tenancy by the entirety must receive the consent of a third-party owner of one spouse's right of survivorship before conveying their present possessory interest. As the bankruptcy court wrote,

> [Arango] mistakenly equates "control" of the entireties property with the ability to convey marketable title. When one spouse conveys away his or her survivorship interest in entireties property, the parties are left with something less than the entire interest in the property. The couple is, therefore, unable to convey marketable title, *i.e.*, the fee simple absolute estate. However, nothing prevents the couple from conveying the entire interest they hold, i.e., the "joint right to the use, control, incomes, rents, profits, usufructs, and possession" of the entireties property.... Even though they hold less than the entire interest, they remain in complete "control" over the interest they do hold.

Therefore, Third National's lien does not impair Arango's present possessory interest in the property because Third National's lien simply does not affect the Arangos' present possessory interest in entireties property under Tennessee law.

Arango argues that *Owen v. Owen*, ___ U.S. ___, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), requires that he be allowed to avoid Third National's lien. In *Owen*, the court allowed a debtor to avoid a lien because the lien prevented the debtor from claiming the underlying property as exempt property. *Id.*, ___ U.S. at ___, 111 S.Ct. at 1837–38, 114 L.Ed.2d at 360. Until 1985, unmarried Florida condominium owners could not exempt their condominiums from their bankruptcy estate under Florida's homestead exemption because they were not a "head of a household." *See Owen*, ___ U.S. at ___, 111 S.Ct. at 1838–39, 114 L.Ed.2d at 361 (Stevens, J., dissenting). In 1985, Florida expanded its homestead exemption by allowing it to extend to "natural person[s]." However, the Florida Supreme Court, to protect creditors, refuses to implement changes in exemptions against lienholders who perfect their liens before an applicable exemption is broadened. *E.g., Bessemer v. Gersten*, 381 So.2d 1344, 1347 (Fla.1980). Helen Owen perfected a judgment lien against Dwight Owen while his condominium was not considered a homestead under Florida law. Nonetheless, Dwight Owen filed suit in bankruptcy in 1986 to avoid Helen Owen's lien. The United States Supreme Court ruled that Helen Owen's lien impaired Dwight Owen's homestead exemption, even though Dwight Owen's condominium was not exempt under Florida law from execution by Helen Owen. *Owen*, ___ U.S. at ___, 111 S.Ct. at 1837–38, 114 L.Ed.2d at 360. The court reasoned that Dwight Owen's home would be exempt property under Florida law but for the fact that Helen Owen had perfected her lien. *Id.*, ___ U.S. at ___, 111 S.Ct. at 1837, 114 L.Ed.2d at 359. Therefore, under 11 U.S.C. § 522(f)(1), the lien impaired an exemption to which the debtor "would have been entitled" had the lien not existed. *Id.* Thus, Dwight Owen could avoid Helen Owen's lien against his condominium.

Unlike the situation in *Owen*, Third National's lien does not impair an exemption to which Arango would be entitled but for the existence of the lien. Third National's lien encumbers Arango's right of survivorship, which Arango concedes is part of his bankruptcy estate. Third National's lien, however, does not encumber Arango's present possessory interest in his entireties property under Tennessee law because Tennessee does not consider entireties property to be the property of each individual spouse. Third National is not able under Tennessee law to foreclose on its lien against Arango's present ability to use and enjoy the entireties property. Therefore, Arango's present possessory interest in the entireties property is not impaired, for purposes of section 522(f), by Third National's lien. *Owen* simply does not apply to this case.

Third National's lien does not impair, for purposes of 11 U.S.C. § 522(f)(1), any of Arango's exemptions, and the bankruptcy court and the district court correctly refused to allow Arango to avoid Third National's

lien. The judgment of the district court is therefore affirmed.