Jobst W.F. BLACHY, et al., Plaintiffs,

v.

Robert BUTCHER, et al., Defendants.

No. 1:91–CV–979.

United States District Court,
W.D. Michigan,
Southern Division.

March 10, 1999.

David A. Lerner, Plunkett & Cooney, PC, Bloomfield Hills, MI, Jeffrey G. Raphelson, Bodman, Longley & Dahling, LLP, Detroit, MI, Kathryn D. Zalewski, Bodman, Longley & Dahling, LLP, Ann Arbor, MI, for plaintiffs.

Robert E. Butcher, Trenton MI, Daniel M. LaVille, Asst. U.S. Attorney, Michael H. Dettmer, United States Attorney, Grand Rapids, MI, John A. Lindquist, Trial Attorney, U.S. Department of Justice, Tax Division, for defendants.

## OPINION

QUIST, District Judge.

The Court has before it the following: (1) Motion of all Defendants, except the United States (the "Butcher Defendants"), for reconsideration of the Court's Opinion and Order dated December 14, 1998; (2) the Butcher Defendants' supplemental motion for reconsideration of the Court's December 14, 1998, Opinion and Order; (3) the United States' Motion to Alter or Amend or at Least to Clarify the Opinion and Order dated December 14, 1998; and (4) Correspondence from Plaintiffs' counsel dated January 5, 1999, which the Court will deem Plaintiffs' re-sponse to the Butcher Defendants' motion for reconsideration. For the reasons stated below, the Court will deny the Butcher Defendants' motion and supplemental motion for reconsideration and grant and deny in part the United States' motion to alter, amend, or clarify.

## I. *Supplemental Motion for Reconsideration*

The Court will first address the Butcher Defendants' supplemental motion for reconsideration because it relates to the February 1, 1999, Order for service on Rosemary Butcher, which the Court issued in response to the motion for reconsideration. In their motion for reconsideration, the Butcher Defendants argue that the Court's December 14, 1998, Opinion and Order were not binding on Rosemary because she was not yet a defendant in this action and, therefore, the Court was without personal jurisdiction over her. The Court agreed and issued its February 1, 1999, Order for service. The Butcher Defendants contend in their supplemental motion that Rosemary should be relieved from the Court's December 14, 1998, Order because the Court had no authority to assert personal jurisdiction over Rosemary after entering a final Order. The other Butcher Defendants argue that they are entitled to relief from the Court's December 14, 1998, Order because they had no interest in the property.

■ The Court rejects both arguments. With regard to Rosemary's argument, the December 14, 1998, Order was not a final order that deprived the Court of jurisdiction because the Butcher–Defendants' motion for reconsideration affected the finality of the Court's Order. Such a "motion eliminates the finality of, and reopens, the earlier judgment." 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.32[1] (3d ed.1998). Thus, because the Order was not final, the Court had the authority to subject Rosemary to its jurisdiction by ordering that Rosemary be served with process. Moreover, Rosemary was added as a defendant because Alexander's interest in the property, which is the subject of this suit, was transferred to her during the course of this litigation.

Thus, under Fed.R.Civ.P. 25(c), Rosemary was properly added as a defendant. "Rule 25(c) 'does not require that anything be done after an interest has been transferred.'" *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.,* 13 F.3d 69, 71 (3d Cir.1993) (quoting 7C Wright, Miller & Kane, *Federal Civil Procedure* § 1958 at 555 (2d ed.1986)). Furthermore, "[a]lthough substitution [under Rule 25(c)] is usually effected during the course of litigation, substitution has been upheld even after litigation has ended as long as the transfer of interest occurred during the pendency of the case." *Id.* Thus, despite her protestations, Rosemary could have been added as a defendant even after this case is closed.

The Court also rejects the other Butcher Defendants' argument that they are entitled to relief from the Court's Order on the basis that they do not have any interest in the property. A constructive trust over all the Butcher Defendants was proper because they were involved in the acts and transactions that gave rise to the need for a constructive trust. Therefore, they were properly named as defendants over whom a constructive trust should be imposed.[1]

## II. *Motion for Reconsideration*

In its February 1, 1999, Order, the Court also required Rosemary to file a brief addressing why a constructive trust should not be imposed over her interest in the property in accordance with the Court's prior Opinion and Order. Therefore, the Court will treat the arguments raised by Rosemary in her brief as her response to Plaintiffs' motion for summary judgment to the extent that she has raised any new arguments that were not raised by the other Butcher Defendants in response to Plaintiffs' motion.

### A. Subject Matter Jurisdiction

Most of Rosemary's and the other Butcher Defendants' arguments regarding subject matter jurisdiction were addressed by the Court in its previous opinion and require no substantial discussion. For example, the Butcher Defendants argue that the Court

lacks subject matter jurisdiction over the action because Plaintiffs are attempting to enforce prepetition claims against property that Rosemary acquired postpetition from Alexander. The Butcher Defendants raised the same argument in response to Plaintiffs' motion and the Court rejected it on the basis that Plaintiffs are not attempting to enforce debts against the property, but rather are seeking to impose a constructive trust on the property interest that Rosemary received from Alexander. Plaintiffs do not contend that Rosemary owes them a debt. The Court rejected the argument in a footnote. *See Blachy v. Butcher,* 35 F.Supp.2d 554, 559 n. 3 (W.D.Mich.1998). The Butcher Defendants have not presented any basis to persuade this Court that it was wrong.

■ One of the few new arguments presented by Rosemary is that the Court lacks subject matter jurisdiction because the Sixth Circuit has exclusive jurisdiction based upon the Butcher Defendants' appeal. The argument assumes that the December 19, 1998, Order was final. As discussed above, the Order was not final because the Butcher Defendants and the United States filed motions for reconsideration and to alter or amend, which affected the finality of the Order. Both motions were pending at the time the appeal was filed. Thus, the Butcher Defendants' appeal was premature.

Rosemary and the Butcher Defendants continue to assert that the Court is precluded from imposing a constructive trust upon the property because the property is part of Rosemary's bankruptcy estate. The Court rejected this same argument in its Opinion and Order and finds no basis to conclude that its analysis was wrong. The Butcher Defendants' persistence in making this argument is puzzling in light of their own assertion in the bankruptcy court that "[o]ne-half of the subject property was exempt from Debtor's bankruptcy estate under the provision of 11 U.S.C. § 522(b)(2)(B) because the deed of October 30, 1991, was not signed within six months of Debtor's March 1, 1991 filing date, and, [Alexander] did not die until December

---

1. Rosemary's request in the supplemental motion for additional time to file her brief in opposition to Plaintiffs' motion for summary judgment is moot, as Rosemary has since filed her brief.

26, 1991." (Resp. of Rosemary C. Butcher, Debtor, to Trustee's Mot. for Summ. J. at 2, ¶ 4, Pls.' Br. Opp'n Butcher Defs.' Mot. Summ. J. Ex. Z.) Furthermore, the cases which the Butcher Defendants cite for the proposition that all entireties property goes into a debtor's bankruptcy estate do not hold that a non-debtor's spouse interest in entireties property is included in the estate, nor do they support the Butcher Defendants' argument that the interest Rosemary received from Alexander either by quit-claim deed or upon his death 180 days after Rosemary filed bankruptcy is a part of Rosemary's bankruptcy estate.[2]

## B. Effect of Void Deeds

 Rosemary complains because this Court and Judge Shapero in his opinion refused to address the Butcher Defendants' contention that because the deeds which Plaintiffs obtained from LTDC and HCDC were void. Plaintiffs have no claim arising out of those deeds. Rosemary contends that Plaintiffs' deeds were void because they were not signed by Rosemary and Alexander. The argument is rejected. The deeds were signed by LTDC and HCDC, from whom Plaintiffs purchased the property. The Butcher Defendants have cited no case which would render the deeds void under these circumstances. Indeed, such a holding would affect the validity of doctrines such as after acquired title. *See Jacobsen v. Nieboer,* 299 Mich. 116, 132, 299 N.W. 830, 834–35 (1941). Furthermore, in a case such as this, where a defendant obtains title to property under circumstances which are inequitable, the law will not permit the defendant to set up the statute of frauds as a defense in order to escape the remedy of a constructive trust. *See Kent v. Klein,* 352 Mich. 652, 656–57, 91 N.W.2d 11, 14 (1958) *(en banc); Kren v. Rubin,* 338 Mich. 288, 294–95, 61 N.W.2d 9, 12 (1953) *(en banc).*

## C. Failure to Substitute Alexander

 Rosemary and the other Butcher Defendants argue that Plaintiffs' claim against the interest of Alexander Butcher has been barred since approximately March 6, 1992, under Fed.R.Civ.P. 25(a) because the Order substituting Alexander's personal representatives into the suit was entered on February 4, 1994, more than 90 after the suggestion of Alexander's death was filed. Rule 25(a)(1) provides, in pertinent part, that

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.... Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed.R.Civ.P. 25(a)(1). The suggestion of Alexander's death was filed on or about January 2, 1992. On January 21, 1992, Judge Gibson, of this district, entered an order staying this action. *See Blachy v. Butcher* [99–1 USTC ¶ 50,177], No. 1:91–CV–979, slip op. at 11 (W.D.Mich. Aug. 16, 1993). In his opinion and order issued on August 16, 1993, Judge Gibson held that the stay order tolled the 90 day period under Rule 25(a)(1) and that the 90 day period would remain tolled until the date of the transfer of the file to the Bankruptcy Court for the Eastern District of Michigan was complete. *See id.* at 11–12. Given that the order for substitution of the personal representatives of Alexander's estate was entered on February 4, 1994, the substitution was timely under Rule 25(a)(1) pursuant to Judge Gibson's order.

The Butcher Defendants' reliance upon *Anderson v. Yungkau,* 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947) is misplaced. *Anderson* was decided under the pre–1963 version of Rule 25(a). The version of Rule 25 then in effect provided that " '[i]f substitution is not [ ] made [within 2 years after death], the action shall be dismissed as to the deceased party.' " *Anderson,* 329 U.S. at 484, 67 S.Ct. at 429. The Court held that the use of the word "shall" in the rule required

---

**2.** The Butcher Defendants cite *In re Ford,* 3 B.R. 559 (Bankr.Md.1980); *Lasich v. Estate of Wickstom (In re Wickstrom),* 113 B.R. 339 (Bankr. W.D.Mich.1990); *Liberty State Bank & Trust v.* *Grosslight (In re Grosslight),* 757 F.2d 773 (6th Cir.1985); and *Arango v. Third Nat. Bank in Nashville (In re Arango),* 992 F.2d 611 (6th Cir. 1993).

courts to dismiss an action against a deceased party if a motion for substitution had not been made within the two year period. *See id.* at 485–86, 67 S.Ct. at 430. The Court also held that the two year period for moving to substitute under Rule 25(a)(1) could not be extended under Fed.R.Civ.P. 6(b). *See id.*

Anderson is not controlling, however, because Rules 6(b) and 25(a)(1) were amended in 1963 to alleviate the harsh effects of decisions such as *Anderson* which interpreted Rule 25(a)(1) in a rigid manner. *See Al-Jundi v. Estate of Rockefeller,* 757 F.Supp. 206, 208 (W.D.N.Y.1990) (mem.op.). The Advisory Committee's Notes to the 1963 Amendments indicate that the revisions were intended to allow courts to extend the 90 day period in Rule 25(a)(1) pursuant to amended Rule 6(b). *See* Fed.R.Civ.P. 6, 25, advisory committee's notes. In addition, in more recent decisions, courts have upheld extensions of the 90 day period made pursuant to Rule 6(b). *See Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1297 (7th Cir.1993) (noting that "[w]hile couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the 90–day requirement may be extended by Federal Rule of Civil Procedure 6(b)"). Apart from the 1963 Amendment, *Anderson* also has no application in this case because Judge Gibson issued a stay order before the 90 day period expired which tolled the running of the time for substitution. In light of the stay order, the substitution was accomplished within the 90 day period. No such order was entered in *Anderson.*

### D. Statute of Limitations

Rosemary raises the same arguments that the other Butcher Defendants previously raised regarding the statute of limitations. The Court rejects those arguments again for the reasons stated in its previous opinion. Rosemary also contends that Plaintiffs' claim against her is barred by the statute of limitations because Plaintiffs did not file their claim against her within the applicable statute of limitations. Rosemary asserts that, "[i]n effect, plaintiffs have filed or are attempting to file a new suit against Debtor for the property interest they claim she acquired postpetition." (Butcher Defs.' Mot. at 12.)

In its December 14 Opinion and Order, the Court found that suit was timely brought within either the 15 year limitations period under M.C.L. § 600.5801(4) or the ten year period under M.C.L. § 600.5807(4). *See Blachy v. Butcher,* No. 1:91–CV–979, slip op. at 14–16 (W.D.Mich. Dec. 14, 1998).

Rosemary's contention must be rejected because Rule 25(c) permits Plaintiffs' amendment to add Rosemary without running afoul of the statute of limitations. Rule 25(c) provides:

> **Transfer of Interest.** In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.

Fed.R.Civ.P. 25(c). As the Rule indicates, it allows substitution or joinder of a party to whom a transfer occurs after the litigation is commenced. *See Andrews v. Lakeshore Rehabilitation Hosp.,* 140 F.3d 1405, 1407 (11th Cir.1998).

> Rule 25 does not substantively determine what actions survive the transfer of an interest; rather, it provides substitution procedures for an action that does survive. The rule expressly permits parties to continue in an action, even if they do not remain the real party in interest, as long as the cause of action itself survives the transfer to the new party.

*ELCA Enter. v. Sisco Equip. Rental & Sales, Inc.,* 53 F.3d 186, 191 (8th Cir.1995) (italics in original) (citing *Hilbrands v. Far East Trading Co.,* 509 F.2d 1321, 1323 (9th Cir.1975)). In addition, unlike Rule 25(a), there is no time under Rule 25(c) within which a party must move for substitution or joinder of the transferee of an interest.

■ Plaintiffs sought to add Rosemary as a party not because they had an independent claim against her which predated the filing of their original complaint, but because she received Alexander's interest in the property after the date this case was commenced. Although Plaintiffs did not cite Rule 25(c) in their motion to amend and the Magistrate

Judge did not expressly refer to that Rule, "the fact that the motion did not implicate Rule 25(c) on its face is irrelevant." *Concord Boat Corp. v. Brunswick Corp.*, 21 F.Supp.2d 923, 938 (E.D.Ark.1998) (finding that the import of Plaintiffs' motion to substitute two successor corporations was clearly to seek substitution of successors in interest for the then-existing plaintiffs). The addition of Rosemary as a defendant in this case based upon her receipt of Alexander's interest after this case was filed squarely fits within Rule 25(c)'s requirements. Thus, Plaintiff's claim against Rosemary is simply a continuation of their claim against Alexander and is not barred by the statute of limitations.

### E. Scope of Prior Order

The Butcher Defendants' final argument is that the Court's Order improperly imposed a constructive trust over all of the property, including the property included in Rosemary's bankruptcy estate. The United States has raised the same argument in its motion to alter, amend, or clarify the Order. The Court agrees with both the Butcher Defendants' and the United States that its December 14 Order was overbroad to the extent that it attempted to impose a constructive trust over Rosemary's interest in the property included in her bankruptcy estate. Thus, the Court will issue an amended order clarifying the scope of the constructive trust.

### III. *Motion to Alter or Amend or at Least to Clarify*

In addition to the issue cited above regarding the scope of the Court's Order, the United States asks the Court to clarify whether it intended to make a finding of fraud by Alexander. For purposes of clarification, the Court did not find that the evidence demonstrated, for summary judgment purposes, that Alexander engaged in fraud. Nonetheless, as stated in the Court's Opinion, it nonetheless found that imposition of a constructive trust was proper under Michigan law. Because the Opinion does not expressly contain a finding of fraud, the Court finds it unnecessary to clarify the Order.

The United States also requests the Court to clarify that its statements referring to "Defendants' arguments" as "without merit" or "specious" at pages 8, 14, 18, and 19 n. 7, of its Opinion referred to arguments made by the Butcher Defendants and not the United States. The Court disagrees with counsel for the United States that a reader of the Court's Opinion might interpret its references to Defendants' arguments as being "without merit" or "specious" included the arguments made by the United States. Nonetheless, for purposes of clarification, such references were to arguments raised by the Butcher Defendants rather than the United States.

### *Conclusion*

For the foregoing reasons, the Court will grant in part and deny in part the Butcher Defendants' motion for reconsideration, deny the Butcher Defendants' supplemental motion for reconsideration, and grant in part and deny in part the United States' Motion to Alter or Amend or at Least to Clarify. The Butcher Defendants' motion will be granted only as to the scope of the constructive trust and denied with respect to all other grounds. The United States' motion will be granted with respect to the scope of the constructive trust and with respect to references of Defendants' arguments as being either "without merit" or "specious."