**In re Martha A. BRUMBAUGH, Debtor.**

**Bankruptcy No. 99–41200(3)7.**

United States Bankruptcy Court, W.D. Kentucky.

July 5, 2000.

David M. Taylor, Owensboro, KY, for debtor.

John F. Menefee, Louisville, KY, for creditor.

Joseph W. Castlen, Owensboro, KY, trustee.

## MEMORANDUM

JOAN L. COOPER, Bankruptcy Judge.

This matter is before the court on the debtor's motion to avoid the lien of Welch Printing Company ("Welch"). The parties agree on the facts and have submitted briefs on the question of whether the debtor's homestead exemption is impaired by Welch's judgment lien filed upon her interest in real estate owned, with her non-debtor husband, as tenants by the entirety. After a review of the authorities raised by the parties and a careful review of Kentucky law regarding the nature of tenancy by the entireties property, the Court finds that Welch's judgment lien does not impair, to any extent, the homestead exemption claimed by Mrs. Brumbaugh, and therefore, as a matter of law, Mrs. Brumbaugh may not avoid Welch's lien.

### Factual Background

The debtor, Martha A. Brumbaugh, filed bankruptcy on September 15, 1999 and listed a house and 8 acres at 3654 Thruston–Dermont Road, valued at $160,000, owned jointly with her husband as tenants by the entirety. The debts against the home consist of two consensual mortgage liens with an aggregate balance of $151,000 and one judgment lien in the amount of $3,233.67, filed of record on May 17, 1999 by Welch. This judgment lien arose from a judgment rendered against Mrs. Brumbaugh and not against her husband. Mrs. Brumbaugh claimed a homestead exemption in the property pursuant to 11 U.S.C. § 522(b). As Kentucky is a jurisdiction which has opted out of the federal exemptions set forth in Section 522(b) of the Bankruptcy Code, Mrs. Brumbaugh claimed a homestead exemption in the amount of $4,500.00 pursuant to Kentucky Revised Statute 427.060.

Welch objected to Mrs. Brumbaugh's motion stating that based on the information admitted in her Schedules, Welch's lien did not impair her homestead exemption after applying the impairment test of Section 522(f)(2)(A). During the course of the briefing, Mrs. Brumbaugh raised the issue that because under Kentucky law a creditor may attach and sell under execution a debtor-spouse's interest in property, Welch's lien "impairs" her exemption and is therefore avoidable under Section 522(f).

### Legal Analysis

The Bankruptcy Code permits an individual debtor to exempt from property of the estate property set forth in Section 522(d) or Section 522(b)(2)(A) and (B). See 11 U.S.C. § 522(b). Kentucky does not permit its domiciliaries to exempt from property of the bankruptcy estate the property specified under Section 522(d) of the Bankruptcy Code. See KRS 427.170. Therefore, debtors residing in Kentucky may claim an exemption in 1) property that is exempt under State or local law where they have been domiciled for 180 days preceding the petition, **and** 2) any

interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant *to the extent that such interest* as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law (emphasis added). See 11 U.S.C. § 522(b)(2)(A) and (B).

The Bankruptcy Code further states that the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under Section 522(b). See 11 U.S.C. § 522(f)(1). In this case, according to her petition, Mrs. Brumbaugh was a Kentucky domiciliary for the 180 days immediately preceding her petition and therefore she may claim exemptions created and allowed under Kentucky law. She may also claim an exemption for her interest in property held as a tenant by the entirety to the extent this interest is exempt from process under applicable nonbankruptcy law. See 11 U.S.C. § 522(b)(2)(A) and (B).

■ When Congress amended Section 522(f) of the Bankruptcy Code in 1994, it provided a definition of "impairment" for the purposes of Section 522(f). The legislative history for the Section 522(f)(2) amendment is clear that Congress intended to provide courts with a "simple arithmetic test to determine whether a lien impairs an exemption …" In *Holland v. Star Bank, N.A.,* 151 F.3d 547, 550 (6th Cir.1998), the Court of Appeals for the Sixth Circuit stated "Congress' enactment of the 1994 Bankruptcy Code amendments, however, has created a federal definition of impairment, 11 U.S.C. § 522(f)(2)(A), and, in light of this explicit language, we no longer look to state law to define impairment." See also *In re Falvo,* 227 B.R. 662 (6th Cir. BAP 1998).

■ In applying the federal definition of impairment to the undisputed facts of this case, this Court finds that Welch's lien does not impair Mrs. Brumbaugh's homestead exemption. A lien is not considered to impair an exemption unless the sum of the lien, the other liens and the amount of the exemption the debtor could claim exceed the value of the debtor's interest in the property in the absence of any liens. See Section 522(f)(2)(A).

■ Simple arithmetic in this case reflects that Welch's lien in the amount of $3,354.92, the two consensual liens in the aggregate amount of $151,000, and Mrs. Brumbaugh's homestead exemption of $4,500 total $158,854.92. The fair market value of the property, $160,000, exceeds the total liens and exemption on the property by $1,145.00. This sum represents Mrs. Brumbaugh's equity in the property, *after* she has preserved her homestead exemption. Even if Mrs. Brumbaugh were to amend her Schedule C to claim a $5,000 homestead exemption, Mrs. Brumbaugh would still have $645.08 of equity in the property after application of the impairment test. In sum, Mrs. Brumbaugh's homestead exemption cannot be impaired where she will have preserved her homestead exemption and equity in the property *after* payment of Welch's lien.

■ Apparently realizing her equity problem under the impairment test of Section 522(f)(2)(A), Mrs. Brumbaugh argues that since a creditor may foreclose on a debtor's entirety interest under Kentucky law, Welch's lien impairs her homestead exemption. This argument is apparently a throwback of arguments made before the 1994 amendments to the Bankruptcy Code, when "impairment" was determined on a case-by-case basis. This Court concludes that this argument is without merit.

First, the 1994 amendments to the Bankruptcy Code and *Holland, supra,* clearly reflect Congress' intent to define for courts the standard for "impairment." No other subsection of Section 522(f), or Section 522 as a whole, defines impairment. It is questionable, at best, whether "impairment" beyond that which is now set

forth in Section 522(f)(2) even exists after the 1994 amendments. Under the federal test of impairment, Welch's lien does not impair Mrs. Brumbaugh's homestead exemption or the remaining equity she has in the property. Assuming there is merit to Mrs. Brumbaugh's position that facts and law may exist to establish "impairment" outside of the application of the Section 522(f)(2) test, her argument still fails under Kentucky law.

Section 522(b)(2)(B) provides that Mrs. Brumbaugh may exempt from her estate any interest she had prior to the commencement of the case in property she held as a tenant by the entirety that is exempt from process under applicable nonbankruptcy law. Mrs. Brumbaugh's interest in her property is not exempt from process under applicable nonbankruptcy law—in this case—Kentucky law.

■■ In K.R.S. 426.190, Kentucky law provides:

Land to which the defendant has a legal or equitable title in fee, for life or for a term, whether in possession, reversion or remainder, or in which the defendant has a contingent interest or a contingent remainder or a defeasible fee, may be taken and sold under execution.

Under this statute, creditors of a debtor-spouse may attach and sell under execution a debtor's contingent interest or expectancy of the fee in property held as tenants by the entirety. See *In re Osbourne*, 124 B.R. 726, 729 (Bankr.W.D.Ky. 1989), citing *Hoffmann v. Newell*, 249 Ky. 270, 60 S.W.2d 607, 89 A.L.R. 489 (1932), a decision by the Kentucky Supreme Court interpreting K.R.S. 426.190. The "interest" which creditors may attach and sell, however, is the debtor-spouse's right of survivorship, subject only to the possibility that the non-debtor spouse will outlive the debtor spouse, in which case the holder of the right of survivorship takes nothing. See *Hoffmann*, 60 S.W.2d at 613.

In *Hayes v. Schaefer*, 399 F.2d 300, 301–302 (6th Cir.1968), the Sixth Circuit Court of Appeals analyzed Kentucky law on entireties property. The Court of Appeals, in *Hayes*, determined:

In Kentucky, where a tenancy by the entireties exists, it creates an indivisible estate in both husband and wife which neither can destroy by a separate act. Alienation by either will not defeat the rights of the survivor, and the estate may not be severed by either without the assent of the other. The death of a co-tenant does not increase the interest of the other tenant since from the time the tenancy was created both tenants were seized for the whole. . . . [T]he surviving tenant of a tenancy by the entireties does not inherit from the co-tenant, but rather the surviving spouse takes by virtue of the deed. (citations omitted)

*Hayes, supra*, has further been cited in *United States of America v. Real Property Located at 5205 Mount Howard Court Louisville, Kentucky, et al.*, 755 F.Supp. 169, 173 (W.D.Ky.1990) where the U.S. District Court, after a thorough examination of Kentucky law on entireties property, determined that an innocent spouse of a criminal defendant in entireties property had a vested right and title to exclusive ownership of the entire property during her lifetime and her interest could not be divested by the individual acts of her spouse. The Court reasoned that if the innocent spouse were to survive her husband, she would be vested with full title to the property in fee simple, free of the claims of her wrongdoing husband's creditors. If the husband survived the innocent wife, the United States would receive title to the property in fee simple. See *Mount Howard*, 755 F.Supp. at 173.

■ Thus, under Kentucky law, property held by husband and wife as tenants by the entirety is subject to attachment and execution upon the debtor-spouse's interest, but that interest is limited to his or her right of survivorship. See *Hoffmann*, 60 S.W.2d at 613. Kentucky law does not permit the sale of the debtor-spouse's or innocent spouse's present possessory inter-

est in the property or the right during the life of the non-debtor spouse to rents, issues, and profits of the whole of the property. See *Hoffmann,* 60 S.W.2d at 613. Pursuant to Section 522(b)(2)(B), only the debtor's present possessory interest in the property is exempt under the applicable nonbankruptcy law.

Execution upon Mrs. Brumbaugh's right of survivorship cannot, under Kentucky law, impair the right to a present possessory interest held by either her or her non-debtor spouse. See *Hoffmann,* 60 S.W.2d at 613. In *Arango v. Third National Bank in Nashville,* 992 F.2d 611 (6th Cir. 1993), an opinion rendered prior to the enactment of the 1994 amendments to Section 522(f)(2) of the Bankruptcy Code, the Court of Appeals concluded that under Tennessee law (which is similar if not identical to Kentucky law on entireties property), since the debtor's present possessory interest in entireties property could not be attached, it was exempt from the estate. Further, since the sale of the right of survivorship could not deprive a debtor or innocent spouse of their present possessory interest in the property, there was no impairment of their exemption. See *Arango,* 992 F.2d at 615.

It is unclear whether the 1994 amendments to Section 522 overruled *Arango* as the legislative history expressly overruled *In re Dixon,* 885 F.2d 327 (6th Cir.1989) and by inference, *In re Moreland,* 21 F.3d 102 (6th Cir.1994), cert. denied, 513 U.S. 956, 115 S.Ct. 378, 130 L.Ed.2d 328 (1994). Assuming *Arango* is still current law, Mrs. Brumbaugh's claim of impairment and request for avoidance of Welch's lien must be denied, because as in *Arango,* Welch's lien, and the right to attach and sell upon execution Mrs. Brumbaugh's right of survivorship, does not impair, for the purposes of Section 522(f), Mrs. Brumbaugh's or her non-debtor husband's present ability to use and enjoy the entireties property, which is exempt from process under applicable nonbankruptcy law.

We have entered an Order this same date incorporating the findings of this Memorandum.