IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 2000 Session

## SARA T. McBRIDE v. KENNETH A. McBRIDE

**Direct Appeal from the Chancery Court for Knoxville County**
**No. 109887-1     Hon. John F. Weaver, Chancellor**

**FILED SEPTEMBER 7, 2000**

**No. E1999-02562-COA-R3-CV**

Kenneth A. McBride appealed from an Order of the Chancellor confirming the Referee's Report that concluded McBride had offered no new evidence on the issue of reducing child support, which had been previously adjudicated.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Kenneth Alan McBride, Knoxville, Tennessee, *pro se.*

David D. Noel, Knoxville, Tennessee for Appellee.

### OPINION

In this divorce action, the issues raised on appeal essentially relate to child support.

The parties' Divorce Decree was entered in January of 1994, granting custody of the parties' minor children to the wife and requiring the husband to pay child support.

Husband filed a Petition for Modification of the Child Support Order on May 29,

1997, alleging that his income had been reduced due to permanent injuries, and the child support obligation should be changed. Following a series of hearings and findings by a Referee, the Chancellor entered an Order of Confirmation of the Referee's finding on January 6, 1998. The husband filed a Motion for Reconsideration, and on March 3, 1998 the Chancellor found his consideration of the matter premature, so that the Referee could rehear the matter.

The Referee conducted a hearing on June 9, 1998 where proof was presented, and husband was represented by counsel. The Findings and Recommendations were essentially the same as made previously, and the child support amount was not reduced. The husband appealed the Referee's Findings and Recommendations to the Chancellor, who held a hearing and confirmed the Referee's findings on December 31, 1998. There was no appeal of that judgment. The wife filed a motion for attorney's fees and the Referee granted the same. The husband did not request a review of that award, and it was confirmed on February 19, 1999. The husband did not appeal that Order.

Subsequently, the husband filed a Petition for Modification of Child Support on June 22, 1999, again asserting that he was disabled and asking that the child support be reduced. Subsequently, husband filed a Request for a Hearing by the Chancellor, asking to have the Referee's decision reviewed. Following the filing of several other Motions by the husband on October 26, 1999, the Chancellor entered an Order of Confirmation which confirmed the Referee's findings, and recommendations of June 28, 1999, which were attached to the Order of Confirmation. These findings state that the husband presented no new evidence regarding modification of child support, and thus the Referee awarded wife a judgment for child support arrearage and for medical and day care expenses which husband was obligated to pay.

Yet another hearing was held before the Referee on November 3, 1999, and the Referee dismissed husband's Petition for Modification of Child Support, finding that husband was only seeking to have prior evidence reconsidered.

This appeal arises from the husband's Notice of Appeal of the October 26, 1999 Judgment, which confirmed the Referee's Findings and Recommendations entered on June 28, 1999. These Findings and Recommendations merely state that husband had presented no new evidence for the court to consider regarding the child support and attorney's fees issues. Husband's first five issues dealing with the Guidelines and imputed income are based on the evidence which was heard at a hearing on June 9, 1998, were all considered in the Referee's Findings and Recommendations entered on June 26, 1998, and confirmed in the Court's Order entered on December 31, 1998.

Likewise, the attorney's fees award was confirmed on February 19, 1999, and that Order of Confirmation was not appealed either. Thus, those two Orders became final and this Court is without the jurisdiction to review them. The Supreme Court's Ruling in another case is applicable to this case:

> It is our conclusion that the judgment entered . . . was a final, appealable judgment under Rule 3 of the Tennessee Rules of Appellate Procedure. Since a notice of

-2-

appeal under Rule 3(e), Tenn. R. App. P., or other motion specified in Rule 4(b), Tenn. R. App. P., was not filed within thirty days of the entry of the judgment, review of the question decided is now foreclosed in the appellate courts.

*Third Nat. Bank in Nashville v. Knobler*, 789 S.W.2d 254, 255 (Tenn. 1990).

The Trial Court has repeatedly held that the husband has offered no new evidence on the issue of child support, subsequent to those Judgments.

The husband's last issue regarding "miscellaneous elective costs" awarded to the wife, is not clearly presented in husband's brief. We assume that husband is referring to the medical and day care costs awarded to the wife in the June 28, 1999 Findings and Recommendations, which were confirmed in the October 26, 1999 Order. The Referee found that husband owed $54.00 for medical expenses for the children, and $1,100.20 in day care expenses for the children. The parties' Marital Dissolution Agreement states that husband is to pay one-half of the children's medical and day care expenses.

The question of whether husband paid or owed those expenses is a question of fact, and we review this issue *de novo* with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). Since no transcript of the June 16, 1999 hearing was provided, and the Chancellor confirmed the findings of the Master, we are required to conclusively presume that the evidence supported the Trial Court's judgment. *Irvin v. City of Clarksville*, 767 S.W.2d 649 (Tenn. Ct. App. 1988).

We affirm the judgment of the Trial Court and remand with the cost of the appeal assessed to appellant, Kenneth Alan McBride.

_____
HERSCHEL PICKENS FRANKS, J.