IN THE MATTER OF THE GUARDIANSHIP OF
CLARA B. PLOWMAN, N. C. M.

398 S.W. 2d 721.

(*Jackson,* April Term, 1965.)

Opinion filed January 14, 1966.

W. CURTIS POPE, Memphis, of counsel, POPE, SAYLE &
DOUGLAS, Memphis, for Clara B. Plowman, plaintiff in
error.

CHARLES A. WALT, Memphis, for Earl E. Plowman,
Guardian, defendant in error.

488

Mr. Justice White delivered the opinion of the Court.

The sole issue involved in this appeal is whether the husband is obligated to account to. his wife during coverture for the rents and profits collected by him from real property owned by them as tenants by the entirety. The trial court held that he was not obligated to so account and we affirm for the reasons appearing herein.

Under the common law, where husband and wife are jointly seized of an estate in land, the husband during the marriage acquires substantially the same rights and power of disposition of the estate thus held that he does in regard to the wife's individual estate owned by her at the time of her marriage. *Ames v. Norman,* 36 Tenn. 683 (1857).

Under this established law of *jus mariti,* the right of a husband, the husband had the right to control all property brought into the marriage relationship by the wife and all property owned by the husband and wife as tenants by the entirety. By virtue of the marriage relationship the wife could not sell, devise or collect income from the use of the real property.

In the *Ames v. Norman* case, supra, in which a third person had acquired, by purchase, at an execution sale, the interest of a husband in an estate by the entireties, the Court said:

The defendant by his purchase became invested with the right of the husband as it existed at the time of the sale; that is, a right to occupy and to enjoy the profits of the land as owned during the joint lives of the husband and wife; subject to the contingency that if the complainant survives her former husband, his estate will then terminate; but if the husband survives, he

will become absolute owner of the whole estate, 36 Tenn. at 697.

In the later case of *Cole Manufacturing Co. v. Collier,* 95 Tenn. 115, 31 S.W. 1000, 30 L.R.A. 315 (1895), it was held that the above statement was unnecessary to the opinion and, therefore, only dictum. Also, in this latter case, the Court held that a husband was not entitled to possession, rents and profits to the exclusion of the wife from an estate held by them as entireties because the husband's rights to possession and rents and profits rested in his rights of *jus mariti* over his wife's property and not as an incident to the estate by the entirety.

In the Cole Manufacturing Company case the husband's interest in the estate by the entirety had been sold at an execution sale to satisfy some of his debts. The Court in distinguishing that case from *Ames v. Norman,* supra, said, in effect, that the purchaser at such sale did not step into the shoes of the husband and could not obtain possession of the lands or of their rents and profits during the joint lives of the husband and wife, or at all if the wife proved to be the survivor. In other words, the only interest purchased at the execution sale in this case was the right that the husband had in said estate in the event the wife predeceased him.

The disabilities of coverture of married women were totally abrogated by Chapter 26, of the Public Acts of 1913 (T.C.A. sec. 36-601), except as set out in Chapter 126, of the Public Acts of 1919 (T.C.A. sec. 36-602) which says nothing in Chapter 26 of the Public Acts of 1913 shall be construed as abolishing tenancies by the entirety.

In the case of *Stegall v. City of Chattanooga,* 16 Tenn. App. 124, 66 S.W.2d 266 (1932), it was held that the Act

of 1919, Chapter 126, restored the disability of the wife with reference to estates held by her and her husband as tenants by the entirety.

In the case of *Moore v. Chase,* 25 Tenn. App. 239, 156 S.W.2d 84 (1941), it was held that a wife may maintain a cause of action to protect her from her husband's attempt to deprive her of her interest in property held by them as tenants by the entirety. The husband had executed a deed and also an instrument conveying household and personal property to Chase for the purpose of defeating Mrs. Moore of her interest in the property which was held by Moore and wife as tenants by the entirety.

In that case the Court merely approved the holding in the case of *Alfred v. Bankers' & Shippers' Ins. Co.,* 167 Tenn. 278, 282, 68 S.W.2d 941 (1934), in which it was held that a husband may not sell or encumber anything but his own interest in property owned by the parties as tenants by the entirety. Finally, in the case of *Moore v. Chase,* supra, the Court held that the wife could prosecute an action to recover her interest in property held by them as tenants by the entirety which had been wrongfully withheld from her by the grantee and conveyee of said property. That case is entirely different from the one that we now have under consideration. In that case the Court enjoined the husband from wasting property.

In the case of *Alfred v. Bankers' & Shippers' Ins. Co.,* supra, the Court, speaking through Mr. Chief Justice Green, held that for the purpose of fire insurance, even though tenancy by the entirety was still intact, with all of its common law appurtenances, the interest of the wife in this estate is not merged into that of the husband whereby he is considered the "sole and unconditional owner" with-

in the meaning of certain policy requirements. This opinion was concerned primarily with construction of provisions of a fire insurance policy.

In *Newson v. Shackleford,* 163 Tenn. 358, 43 S.W.2d 384 (1931), it was held that a widow was entitled to one-half of the hay cut on a farm owned by her and her husband, as tenants by the entireties, the hay being cut before her husband's death. This holding in no way interfered with the marriage relationship. It had been terminated by the death of the husband. The marriage relationship will be dealt with hereafter.

The case of *McGhee v. Henry,* 144 Tenn. 548, 234 S.W. 509, 18 A.L.R. 103 (1921), is not in point because in that case the husband and the wife had met death in a common disaster and the question involved the rights of their heirs at law to property held by the deceased parties as tenants by the entirety. The chancellor held that the heirs of each party were entitled to one-half of the property held by the husband and wife. We now have a uniform Simultaneous Death Act (Chapter 59, Public Acts of 1941) (T.C.A. sec. 31-501 et seq.), which would be applicable to the situation in *McGhee v. Henry,* supra, and would be in conformity with the ruling made by the court therein.

In 2 Tiffany, Real Property sec. 435 (3rd ed. 1939), this observation is made:

At common law, the husband is, during converture, entitled to the full control of the land held by the entirety and to take the rents and profits and assign and dispose of them during that period, this right not deriving from the nature of the estate nor being an incident of the conveyance, but being one which follow-

ed from the general principle of the common law vesting in the husband, jure uxoris, the rents and profits of his wife's lands during their joint lives.

In *Franz v. Franz,* 308 Mass. 262, 32 N.E.2d 205, 135 A.L.R. 1448 (1941), a suit was brought by the husband to restrain his wife from interfering with his possession of real estate standing in their names as joint tenants. The Supreme Judicial Court of Massachusetts found that the bill against the wife was without merit because the property was not owned by them as tenants by the entirety. But, the court held it was well established in that state that a tenancy by the entirety confers upon the husband rights paramount to those of his spouse under which, during his life and the continuance of the marriage relationship, he is entitled to possession and control of the property, together with the use and profits therefrom. Several prior decisions of that court were cited in support of this general statement. The cases of *Arrand v. Graham,* 297 Mich. 559, 298 N.W. 281, 300 N.W. 16, 136 A.L.R. 1206 (1941), and *In re Perry's Estate,* 256 N.C. 65, 123 S.E.2d 99 (1961), support the Massachusetts case in holding that the Married Women's Property Acts have not changed anything in regard to the husband's right to rents and profits

We have no direct holding on the point in issue in this case, but we are satisfied from our examination of the law generally, and the text writers on the subject, that a tenancy by the entirety confers upon the husband the right to possession and control of the property involved, together with the use and profits therefrom for which he is not required to make an accounting to his wife.

To the same effect is 26 Am.Jur., Husband and Wife, sec. 78, which reads:

A husband has, at common law, the right, in his own right and jure uxoris, to the control, possession, and usufruct of property in which he and his wife have an estate by the entireties.

To permit the wife to demand an accounting of rents collected by her husband on property owned by them as tenants by the entirety by suit at law would disrupt and injure the marriage relationship and would be of little, if any, benefit to the wife. It would, no doubt, bring an end to the relationship. This could be accomplished by a bill for divorce in which the trial court would, naturally, take into consideration the entire estate of the parties, including all rents and profits that the husband might have collected from property jointly owned by them in determining the amount of the award for alimony made for the wife.

Upon consideration of this entire matter, we are fully satisfied that the trial judge reached the correct decision. Therefore, he is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.