CHARLES H. WEAKS and wife, HELEN J. WEAKS,
Appellants,

*v.*

GARY T. GRESS and wife, BARBARA J. GRESS, Appellees.

474 S.W.2d 424

(*Nashville,* December Term, 1971.)

Opinion filed December 6, 1971.

594

WAYNE S. TAYLOR, Nashville, for appellants.

REAU E. FOLK, JR., Nashville, for appellees.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

Gary T. Gress and wife, Barbara J. Gress, filed suit in the Chancery Court for Davidson County, alleging that Charles H. Weaks and wife, Helen J. Weaks, had sold and conveyed by warranty deed with covenant against encumbrances, a piece of property held by the Weaks as tenants by the entirety, at a time when a judgment lien had been attached to Charles H. Weaks' interest therein, in accordance with sec. 25-501 et seq., T.C.A., our Lien of Judgment Statutes. The Gresses sought to have the Weaks remove the judgment lien as a cloud on their title,

and asked that they be awarded a decree against both Charles H. Weaks and Helen J. Weaks in an amount sufficient to clear the title; and that if necessary the interest owned by Helen J. Weaks in a separate piece of property be subjected to the judgment of the Gresses. The Weaks demurred on the ground that as a matter of law they had conveyed a good and marketable title to the Gresses, based on the legal proposition that the property of the Weaks, which was held by them as tenants by the entirety, was conveyed free from the judgment lien where only one of the tenants by the entirety was a judgment debtor. The demurrer was also based on the proposition that Helen J. Weaks had conveyed good and marketable title to the property insofar as she was concerned, so that the bill stated no cause of action against her.

Kimbrough-Kavanaugh Associates, who were made defendants to the bill, answered, disclaiming knowledge of any of the allegations except that there was a trust deed in their favor on the separate piece of real property of Helen J. Weaks, in the amount, at that time, of $11,522.18.

The demurrer was overruled with leave to rely thereon in an answer, but the Weaks were granted a discretionary appeal to this court on the court's ruling on the demurrer. Here, errors are assigned on the court's action therein.

Although there appears to be respectable authority to the contrary, we are of opinion that the judgment lien existing at the time of the conveyance was a lien against Charles H. Weaks' interest therein so that the sale of it free from encumberances was a breach of covenant. 2 Washburn Real Property, p. 658. We predi-

cate this conclusion on our Lien of Judgment Statutes, sec. 25-501 et seq. T.C.A., which in our opinion are intended to subject every alienable interest in land to the lien of a judgment, when the requirements of the statutes are met, and on two cases to which we shall refer.

Section 25-501 provides that judgments and decrees obtained in any court of record in this state, in the county where the debtor resides at the time of rendition, shall be liens upon the debtor's land in that county from the time the same were rendered.

Section 25-503 makes it evident that the reference in sec. 25-501 to "debtor's land" is descriptive of every interest in land by its reference to "equitable interest" as being covered. The words "debtor's land" would not, ordinarily, include equitable interests. So, when we are told, in effect, by sec. 25-503 that such interests are included, we have clear evidence that the words are used in their broadest sense.

Section 25-504 makes provision for fixing a judgment lien on both legal and equitable interests in personal property.

Thus, we have a scheme for making every character of alienable property right subject to the lien of a judgment. In consideration which there is no valid reason for excluding the interest owned by the husband in property held by the entirety, if it is alienable.

■ Two of our cases, *Ames v. Norman*, 36 Tenn. 683, and *In re Guardianship of Plowman*, 217 Tenn. 487, 398 S.W.2d 721, make it clear the interest of a husband in a tenancy by the entirety is alienable. In *Ames*, the facts were that Ames and his wife owned land as tenants by the entirety. A judgment was recovered against Ames

and the land was levied on and sold at execution in satisfaction of this judgment. Norman, a creditor of Ames, redeemed the land from the purchaser at the execution sale. Ames' wife sued Ames for divorce, and sued Norman contending he owned no interest in the property by reason of the peculiar nature of a tenancy by the entirety. In a well reasoned opinion, taking into consideration of this peculiar nature of such a tenancy, it was held the husband had an interest that could be subjected to execution and sale. With respect to this it was said:

"It seems, therefore, that notwithstanding the peculiar nature of this tenancy, the husband, during the coverture, acquires substantially the same rights, and power of disposition of the estate thus held, that he does in regard to the wife's individual estate owned by her at the time of her marriage. Consequently it follows that the husband, without the consent or concurrence of the wife, can charge such estate at law with his debts; that he may transfer it; that it may be seized and sold by his creditors. But the assignee of the husband, or purchaser at execution sale, can acquire no other or greater interest than was vested in the husband; and, consequently, he holds in subordination to the contingent right of the wife, who, in case she survives the husband, becomes the absolute owner of the whole estate. So, on the other hand, if the husband survives, the purchaser from him or at execution sale becomes owner in fee of the entire estate. 1 Dana, 242; 15 Wend., 615; 19 id., 175." 36 Tenn. 693.

In the *Ames* opinion the Court, by way of dictum, said that Norman, becoming invested with the rights of the husband as they existed at the time of the sale, had the right to occupy and enjoy the profits of the land as owner

during the joint lives of the husband and wife. This dictum was nullified in *Cole Manufacturing Co. v. Collier,* 95 Tenn. 115, 31 S.W. 1000, 30 L.R.A. 315. In that case, the husband's interest in the estate by the entirety had been sold at an execution sale to satisfy his debts, and it was held that the purchaser did not step into the shoes of the husband. That the only interest purchased at the execution sale, was the right to succeed to the estate in the event the wife predeceased the husband.

In the case of *In re Guardianship of Plowman,* 217 Tenn. 487, 398 S.W.2d 721, this Court expressly affirmed *Ames,* as modified by *Cole,* and approved the holding in *Stegall v. Chattanooga,* 16 Tenn.App. 124, 66 S.W.2d 266 (1932), that the Act of 1919, Chapter 126, now codified as sec. 36-602, reestablished tenancies by the entirety after their abolition by the Married Woman's Emancipation Act, Chapter 26, Public Acts of 1913, sec. 36-601 T.C.A., exactly as such tenancies had existed prior to the Emancipation Act so that the common law primacy of the husband in relation to such a tenancy exists at the present time.

This holding leaves the interest of the husband in the estate alienable and thus subject to judgment lien.

It follows from what we have said that the judgment lien is valid, and that the covenant against encumbrances was breached by the sale of the property against which the lien had attached.

The case is remanded for such further pleadings and action thereon as may be required to determine whether Helen J. Weaks did make a covenant against encumbrances which should be enforced against her. This is necessary because the Weaks' deed is not described in

detail in the original bill, nor is it exhibited to the bill. And, while there are allegations in the bill as to the contents of the deed, these are more conclusionary than factual. Additionally, the case is here on discretionary appeal and so should be remanded in order that appellants may make any other defense against the original bill that is available to them.

DYER, CHIEF JUSTICE, CRESON and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE concur.