The CITIZENS & SOUTHERN NATIONAL BANK, Plaintiff-Appellant,

v.

William A. AUER and Judith Auer, Defendants-Appellees,

and

The Richland Trust Company, Defendant-Appellant.

No. 78–1507.

United States Court of Appeals, Sixth Circuit.

Argued July 16, 1980.

Decided Feb. 4, 1981.

O. Taylor Pickard, Jr., Wilson, Worley, Gamble & Ward, W. Carr Hagan, Jr., Kinsport, Tenn., for plaintiff-appellant.

Wendal D. Jackson, Bristol, Tenn., for defendants-appellees.

Before KENNEDY, Circuit Judge, CELEBREZZE, Senior Circuit Judge, and SILER,* District Judge.

SILER, District Judge.

Plaintiff, Citizens & Southern National Bank, and defendant, The Richland Trust Company, are judgment creditors of William A. Auer, defendant-appellee. Although the banks were on opposite sides below, in disputing the priorities of their liens, they are on the same side here as appellants and have sought to reverse the decision of the District Court. Therefore, for purposes of this appeal, they will be called collectively "appellant" or "bank."

The bank seeks to set aside an allegedly fraudulent conveyance by Mr. Auer to his wife of his interest in real estate which they had previously owned as tenants by the entirety, and to attach Mr. Auer's interest in the property. Only one issue was raised on appeal: Whether there was sufficient prejudice to the bank, a creditor of Mr. Auer, as a result of the conveyance by him to his wife of his interest in this property, to allow the bank to set it aside as a fraudulent conveyance.

The property in question was purchased by the Auers in 1967. On June 8, 1972, Mr. Auer transferred his interest to his wife. In 1973, the two banks obtained judgments against Mr. Auer. In 1977, Mr. Auer filed a petition in bankruptcy and the bank brought this action to set aside the conveyance.

Following a bench trial, the District Court entered judgment for the Auers, finding that "[t]he value of the estate of Mr. Auer was inconsequential," and, therefore, the allegedly fraudulent conveyance had not prejudiced the bank. This finding was based upon the testimony of a real estate appraiser who said that at the time of the conveyance, Mr. Auer's interest in the property had a negative value of $1,903.33, assuming the purchaser would have the responsibility for taxes, insurance and other similar expenses, but a positive value of $512.07, if the purchaser did not have such responsibilities. This expert also testified that the overall value of the property at the time of the conveyance was $49,000.00. The District Court did not address the issue of whether the conveyance was fraudulent.

As this case was brought under the diversity jurisdiction of the federal courts, 28 U.S.C. § 1332, the law of the state involved must be followed. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The parties agree that Tennessee law applies.

■ The District Court based its decision on the language from *Marsh v. Galbraith*, 31 Tenn.App. 482, 216 S.W.2d 968, 970 (1948):

> The rule is that in order that a conveyance or transfer may be attacked as fraudulent and void as against creditors, it is necessary that prejudice to their rights has resulted. 37 C.J.S., Fraudulent Conveyance, § 61, p. 905. It is necessary that the creditor show that the transfer under attack deprived him of the right to subject the property transferred to the payment of this debt.

*Accord, Hamilton v. Gleaves*, 44 Tenn.App. 642, 316 S.W.2d 335, 341 (1958).

Although this is obviously the law in Tennessee, in *Marsh v. Galbraith, supra*, the property right involved was an option to purchase property. In *Hamilton v. Gleaves, supra*, it dealt with rights under a lease. Both of these differ substantially from a tenancy by the entirety.

---

* Honorable Eugene E. Siler, Jr., Judge, United States District Court for the Eastern and Western Districts of Kentucky, sitting by designation.

Moreover, a tenant by the entirety may alienate his or her interest, and that interest can be subjected to the payment of judgments against that tenant. For instance, in *Weaks v. Gress*, 225 Tenn. 593, 474 S.W.2d 424 (1971), a judgment lien existing against one of the tenants by the entirety precluded the sale of the property without encumbrances to a third party. Citing *In re Guardianship of Plowman*, 217 Tenn. 487, 398 S.W.2d 721 (1966), and *Ames v. Norman*, 36 Tenn. 683 (1857), the Court there said it was clear that a husband's interest in such a tenancy was alienable. That right, of course, has been extended to the interest of wives in *Robinson v. Trousdale County*, 516 S.W.2d 626 (Tenn.1974).

Also, a judgment creditor can levy, on the interests of the debtor, but the creditor's only right is to succeed to the estate in the event the debtor outlives the other tenant by the entirety. *See United States v. Ragsdale*, 206 F.Supp. 613 (W.D.Tenn.1962) (Brown, J.); *Weaks v. Gress, supra.* Because of that gamble, it is thought that this right of survivorship would be at most a very speculative venture, if purchased at an execution sale. *See In re Templeton*, 1 B.R. 245 (Bankruptcy Court E.D.Tenn.1980).

As it is alienable and subject to execution, it follows that the creditor should be able to take his chance in proceeding against this type of interest. If nothing else, it would foreclose the sale by the wife here to a third party, for that party would no doubt want the judgment creditor to sign a release, or the purchaser at an execution sale to convey his or her interest, as this buyer of the wife's interest would have the same problems as the one who took over the husband's interest, that is, it is subject to survivorship. *See Covington v. Murray*, 220 Tenn. 265, 416 S.W.2d 761 (1967).

The Tennessee courts have not discussed the issue of prejudice in these cases involving tenancies by the entirety. That is because it is difficult, at best, to put a value upon such an interest. The expert in the case at bar had a troublesome time in arriving at this interest on a piece of property worth $49,000.00 as a whole. Value should not be determined solely by what a stranger would pay for it. Rather, it should be determined by considering the value to the recipient spouse through conveyance of the donor spouse's interest. Here, it was of considerable value, and, in the usual case, the value of that interest to the other spouse would be substantial. Thus, prejudice should be inferred where the property has a substantial value, if only to the recipient. *See Covington v. Murray, supra; Gemignani v. Partee*, 302 S.W.2d 821 (Tenn. App.1956).

Therefore, the ruling of the Court below that there was no prejudice was clearly erroneous, for where there is a substantial value to the recipient spouse, there has to be prejudice to the creditor. The matter will be remanded to the District Court to decide whether there was a fraudulent conveyance under T.C.A. § 64–317, as there is a definite factual dispute between the parties on that question. If there was no fraudulent conveyance, of course, the conveyance to Mrs. Auer would stand; if there was a fraudulent conveyance, then it could be set aside, and the creditor could execute upon Mr. Auer's interest.

Therefore, the judgment for the defendant below will be reversed and the matter will be remanded for further proceedings in accordance with this decision.