IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MAY 23, 2007 Session

CHARLES AND ANN HALFORD v. HAROLD R. GUNN

Direct Appeal from the Circuit Court for Gibson County (Humboldt)
No. H-3587    Allen Wallace, Judge

No. W2006-02528-COA-R3-CV - Filed August 22, 2007

The plaintiff-buyers entered into an installment sales contract in 1991 in which they agreed to purchase real property owned by the defendant-seller. The contract provided that upon the plaintiffs' payment of the purchase price, the defendant would provide a deed conveying the property to them free of encumbrances. In 2002, a general sessions judgment was entered against the defendant in an unrelated case, and the defendant appealed that judgment to the circuit court, where that case currently remains pending. The judgment was filed as a lien on the real property in 2002. In late 2004 or early 2005, the plaintiffs had made all necessary payments on the real property, and the defendant conveyed the property to them by warranty deed. While attempting to sell the real property in 2005, the plaintiffs discovered the existence of the 2002 judgment lien on the property, and they placed funds in escrow in order to satisfy their intended purchaser that the lien would be removed or paid. The plaintiffs filed a warrant in general sessions court against the defendant, alleging that he was liable for breach of the covenant against encumbrances contained in the warranty deed. The general sessions court entered judgment in favor of the plaintiffs, and the defendant appealed to the circuit court. The plaintiffs filed a motion for summary judgment and sought an award of reasonable attorney's fees. The circuit court granted the motion for summary judgment, but denied the plaintiffs' request for attorney's fees. On appeal, we affirm in part, reverse in part, and remand for a determination of reasonable attorney's fees incurred below and on appeal.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Harold R. Gunn, Humboldt, TN, *pro se*

David A. Riddick, Jackson, TN, for Appellees

OPINION

# I. FACTS & PROCEDURAL HISTORY

The plaintiff-purchasers, Charles and Ann Halford ("the Halfords" or "Appellees"), and the defendant-seller, Harold Gunn ("Appellant"), entered into an installment sales land contract on January 18, 1991, by which the Halfords agreed to purchase real estate owned by Mr. Gunn and located in Gibson County, Tennessee ("the subject property"). The contract provided in part:

> The seller hereby agrees that when the said purchase price and all other amount to be paid to seller, are fully paid as herein provided, he will execute and deliver to the buyer a good and sufficient deed conveying said real property free and clear of all encumbrances made, or suffered by the seller.

In late 2004 or early 2005, Mr. Gunn accepted the last installment payment from the Halfords, and he and his wife conveyed the subject property to them by warranty deed which was recorded on January 11, 2005. The deed provided in part:

> We covenant with the said Grantees, their heirs and assigns, that we are lawfully seized and possessed of said described property; that the same is unencumbered and that therefore, we have a good and lawful right to make this conveyance.
>
> . . .
>
> We further covenant, binding ourselves, our heirs and our representatives, to forever warrant and defend the title to the above described property, unto the said Grantees, their heirs and assigns, against the lawful claims of all persons whomsoever.

In a previous action, to which the Halfords were not parties, a judgment was entered in Hardeman County General Sessions Court on December 3, 2002, in favor of Grand Valley Lakes Property Owners' Association against Mr. Gunn in the amount of $3,582.49, plus costs and interest. This judgment was filed as a lien on the subject property in the Gibson County Register's Office on December 10, 2002. Mr. Gunn appealed the judgment to the Hardeman County Circuit Court on December 12, 2002, where, apparently, the case currently remains unheard on the circuit court docket.

After obtaining title to the subject property, the Halfords, who desired to sell the property, discovered the 2002 judgment lien that had been filed in Gibson County that encumbered the subject property, the amount of which was $4,853.81, including court costs and accrued interest through November 1, 2005. In the process of selling the property, the Halfords placed $8,000 in escrow as an assurance to the buyer that the lien would be removed or paid. The Halfords filed a warrant in Gibson County General Sessions Court on December 13, 2005, against Mr. Gunn for breach of the covenant against encumbrances in the warranty deed. On March 31, 2006, the general sessions court entered judgment in favor of the Halfords.

Mr. Gunn appealed the general sessions judgment to the circuit court. The Halfords filed a motion for summary judgment, requesting judgment in the amount of $4,853.91, plus accrued interest on the 2002 judgment, attorney's fees, and costs. In its memorandum and order entered on November 6, 2006, the trial court set forth the following material undisputed facts:

1)  A judgement was entered against the defendant by the General Sessions Court of Hardeman County on December 3, 2002;

2)  Defendant filed an appeal to the Circuit Court of Hardeman County on December 12, 2002;

3)  The General Sessions judgement was filed as a lien in Gibson County on December 10, 2002;

4)  No action has been taken by the defendant to prosecute his appeal in the Circuit Court of Hardeman County since the appeal was taken;

5)  The filing of such judgement in Gibson County constitutes a cloud upon the title of defendant's real property in Gibson County;

6)  No action has been taken by defendant to remove such cloud from the title of his property;

7)  On January 18, 1991, the parties entered into an installment land sales contract, and on December 22, 2004, defendant issued a warranty deed to the plaintiffs, free and clear of any liens or encumbrances; and

8)  Plaintiffs then sold the property and the closing attorney then discovered the judgement lien, and plaintiffs then were forced to escrow the amount of the judgment lien of $4853.81 in order to convey the property.

The trial court granted the Halfords' motion for summary judgment, and entered judgment on January 22, 2007, in favor of the Halfords for $4,853.81, plus interest accrued from November 1, 2005. The court denied the Halfords' request for an award of attorney's fees, but assessed costs against Mr. Gunn. Mr. Gunn filed a timely notice of appeal.

## II. ISSUES PRESENTED

The issues before this Court on appeal, as presented by the parties, are as follows:

1. Whether a lien, corresponding to a judgment of a general sessions court, is extinguished by the appeal of the general sessions judgment to the circuit court.
2. Whether the Halfords are entitled to an award of reasonable attorney's fees incurred below and on appeal.

For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

### III. STANDARD OF REVIEW

Rule 56.04 of the Tennessee Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Our review of the trial court's grant of summary judgment is *de novo* on the record before this Court, with no presumption of correctness. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

### IV. DISCUSSION

It is clear that a valid judgment lien that is attached to the property at the time of a conveyance constitutes an encumbrance for purposes of our analysis. *See Weaks v. Gress*, 225 Tenn. 593, 598, 474 S.W.2d 424, 426 (Tenn. 1971). A covenant against encumbrances "is one which has for its object security against those rights to, or interests in, the land granted which may subsist in third persons to the diminution in value of the estate although consistent with the passing of fee." *Murdock Acceptance Corp. v. Aaron*, 190 Tenn. 416, 427, 230 S.W.2d 401, 406 (Tenn. 1950) (citing 21 C.J.S. *Covenants* § 42, p.914). The covenant is in effect one of indemnity, whereby the covenantor agrees to indemnify against "an outstanding adverse title, charge, burden or interest constituting an encumbrance." *Id.*

Tenn. Code Ann. § 25-5-101(b)(1) (Supp. 2006) provides:

> Except as provided in subdivision (b)(2), judgments and decrees obtained from and after July 1, 1967, in any court of record and judgments in excess of five hundred dollars ($500) obtained from and after July 1, 1969, in any court of general sessions of this state shall be liens upon the debtor's land from the time a certified copy of the judgment or decree shall be registered in the lien book in the register's office of the county where the land is located. If such records are kept elsewhere, no lien shall take effect from the rendition of such judgments or decrees unless and until a certified copy of the same is registered as otherwise provided by law.

In *Young v. RAC Express, Inc.*, the Eastern Section of this Court quoted *ATS, Inc., v. Kent*, 27 S.W.3d 923, 924 (Tenn. Ct. App. 1988) for its discussion of judgment liens according to the applicable statutory scheme:

-4-

The law in Tennessee with respect to the manner in which judgment liens are obtained is governed by statute. *See* Tenn. Code Ann. § 25-5-101 to -109 (1980 & Supp. 1997). A judgment obtained in Tennessee becomes a lien on the debtor's real property when the judgment is recorded in the register's office of the county where the land is located. *See* Tenn. Code Ann. § 25-5-101(b) (Supp. 1997). Upon proper recordation, the judgment also becomes effective against any person having or later acquiring an interest in the debtor's real property regardless of whether that person was a party to the action resulting in the judgment. *See* Tenn. Code Ann. § 25-5-101(c) (Supp. 1997); Tenn. Code Ann § 66-24-119 (1993).

*Young v. RAC Express, Inc.*, No. E2005-01165-COA-R3-CV, 2006 Tenn. App. LEXIS 410, at *4-5 (Tenn. Ct. App. June 21, 2006).

The Halfords cite the aforementioned provision, Tenn. Code Ann. § 25-5-101(b)(1), in support of their argument that the 2002 judgment from Hardeman County General Session Court, which was filed as a lien in Gibson County where the subject property is located, constitutes a cloud upon their title to the property conveyed to them by Mr. Gunn. The Halfords submit that the trial court properly awarded them summary judgment for $4,853.81 as a result of Mr. Gunn's breach of the covenant against encumbrances contained in the warranty deed. The Halfords seek their attorney's fees incurred below and as a result of this appeal.

It is undisputed that the Hardeman County General Sessions Court judgment against Mr. Gunn was filed in the Gibson County Register's Office on December 10, 2002, which satisfied the statutory prerequisites for creation of a lien pursuant to Tenn. Code Ann. § 25-5-101(b)(1). Mr. Gunn then filed an appeal to the Hardeman County Circuit Court, but he has apparently taken no further action in that case for over four years. On January 11, 2005, Mr. Gunn conveyed the subject property, which is located in Gibson County and therefore encumbered by the judgment lien, to the Halfords by warranty deed containing an express covenant that the property was unencumbered.

Mr. Gunn's argument against the validity of the lien is based upon the language of Tenn. Code Ann. § 25-5-105(a) (Supp. 2006). The statute relied upon by Appellant, entitled "Period allowed for execution," provides in part:

Once a judgment lien is created by registration as provided in § 25-5-101(b), it will last for the time remaining in a ten-year period from the date of *final judgment* entry in the court clerk's office.

Tenn. Code Ann. § 25-5-105(a) (Supp. 2006) (emphasis added). Appellant generally cites the Tennessee Supreme Court's decision in *Ware v. Meharry Med. Coll.*, 898 S.W.2d 181, 184 (Tenn. 1995), for the proposition that a *de novo* appeal to the circuit court from a general sessions court is not a review, but "an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court." Mr. Gunn contends, without further citation to relevant authority, that the judgment corresponding with the lien affecting the subject property is not a "final

-5-

judgment." He alleges that, because he appealed the 2002 judgment to the Hardeman County Circuit Court, the lien corresponding with this judgment is not valid. Furthermore, Mr. Gunn asserts that he informed the Halfords of the existence of the 2002 judgment lien prior to his transfer of the property to them, and that he explained to them at that time his belief that the judgment lien was not valid.

Mr. Gunn contends that an appeal of a judgment of a general sessions court, which has been recorded as a lien on a debtor's real property, to the circuit court "extinguishes" or otherwise invalidates the judgment lien. A similar argument was successfully presented to the Tennessee Supreme Court long ago in *Smith v. Holmes*, 59 Tenn. 466 (Tenn. 1873). Previously, James Holmes had obtained a judgment against Dan Able in chancery court. Mr. Able appealed to the Supreme Court, where he was, at that time, entitled to a *de novo* trial, the same as if the suit had originally commenced there. The Supreme Court affirmed the judgment against Mr. Able, and Mr. Holmes attempted to enforce a judgment lien against property that Mr. Able owned at the time of the original judgment, but that Mr. Able had sold before the Supreme Court affirmed. In *Smith v. Holmes*, the Supreme Court was faced with the question of whether the appeal from chancery court released and destroyed the original judgment and lien of that decree, or whether it continued in force. The Court reluctantly held that the lien was lost when Mr. Able appealed. The Court discussed a statute, §2983, that provided for liens to continue in force upon an appeal in the nature of a writ of error, but the statute did not provide for liens to continue during all appeals, and the Court noted that it was obligated to apply the law as written.

After *Smith* was decided, and possibly in response to its holding, the Legislature passed another act to provide that appeals from judgments and decrees from courts of equity "shall, notwithstanding said appeal, be a lien upon the property of the defendant or defendants to the same extent and in like manner as judgments at law or in courts of record." *Fort v. Fort*, 118 Tenn. 103, 101 S.W. 433, 436 (Tenn. 1907) (citing Chapter 21, p.68, Acts 1885). The effect of this new act was to modify the common law rule in respect of judgments and decrees of chancery courts "as to continue them in force upon an appeal, where moneyed or other judgments were pronounced, to the extent of preserving the lien pending the appeal[.]" *Id.*

When applying these rules, courts have often stated that in the case of an appeal, "the lien [is] not lost" and can be perfected upon dismissal of the appeal or an affirmance of the judgment below. *Shepard v. Lanier*, 192 Tenn. 608, 616, 241 S.W.2d 587, 591 (Tenn. 1951) (citing *Brinkley v. Welch*, 75 Tenn. 278; *Lincoln Sav. Bank v. Ewing*, 80 Tenn. 598). *See also Lincoln Sav. Bank v. Ewing*, 80 Tenn. 598 (Tenn. 1883) (original judgment lien "would be kept alive" during the time that further proceedings prevented its enforcement); *Sweetwater Bank & Trust Co. v. Howard*, 16 Tenn. App. 91, 66 S.W.2d 225, 228 (Tenn. Ct. App. 1932) (an appeal extends the time for execution so as to continue the lien).

The applicable statute today governing judgment liens is Tenn. Code Ann. § 25-5-106 (2000), entitled "Appeals – Commencement of time for sale," which provides:

> If an appeal is taken from any judgment for which the lien provided by this chapter would apply, the time for sale provided in § 25-5-105 shall commence upon the final determination of such case.[1]

We find no authority to suggest that § 25-5-106 should be construed differently than its predecessors, which "kept alive" or "preserved" judgment liens pending an appeal, so that the liens were "not lost" during that time. *See Lincoln Sav. Bank v. Ewing*, 80 Tenn. at 598; *Fort*, 101 S.W. at 436; *Shepard*, 241 S.W.2d at 591. Therefore, Mr. Gunn's argument that the liens were "extinguished" pending appeal is without merit.

Mr. Gunn conveyed the property with a covenant against encumbrances, and he covenanted to "forever warrant and defend the title[.]" Regardless of Mr. Gunn's beliefs as to the validity or invalidity of the judgment lien, it remains attached to the property to the detriment of the Halfords. A covenant against encumbrances is security "against those rights to, or interests in, the land granted which may subsist in third persons to the diminution in value of the estate," *see Murdock Acceptance Corp.*, 190 Tenn. at 427, 230 S.W.2d at 406, and we find that the judgment lien constitutes an encumbrance on the property.

Additionally, we find Mr. Gunn's defense to his breach of the covenant, specifically that the Halfords knew about the lien on the property at the time of the conveyance, to be without legal support. Knowledge on the part of the purchaser of the existence of encumbrances on the land will not prevent him from recovering damages on account of it, where he protects himself by proper covenants in his deed. *Murdock Acceptance Corp.*, 190 Tenn. at 426, 230 S.W.2d at 405 (citing *Brown v. Taylor*, 115 Tenn. 1, 5, 88 S.W. 933, 934 (Tenn. 1905)). "[T]he existence of a known encumbrance might be the very reason for taking a covenant within the scope of which the encumbrance was included, thereby obtaining assurance that the vendor would discharge the encumbering obligation out of the purchase money paid by the vendee." *Id.* at 426, 230 S.W.2d at 405-406.

The integral question in this case is whether the judgment, filed as a lien in Gibson County in 2002 pursuant to Tenn. Code Ann. § 25-5-101(b)(1), operated as an encumbrance or cloud on the title of the subject property. We believe that this question must be answered affirmatively. Upon discovery of the existence of the judgment lien, and in order to sell the subject property, the Halfords were compelled to place funds in escrow to satisfy their intended purchaser that the lien would be removed or paid, and these damages serve as the basis for their underlying action against Mr. Gunn. As the trial court noted, Mr. Gunn has taken no action to prosecute his appeal in the Circuit Court of Hardeman County since the appeal was taken, nor has he taken any action to otherwise remove the cloud on the title. The Halfords are entitled to reimbursement of their actual loss as a result of Mr. Gunn's breach of the covenant against encumbrances. Therefore, we affirm the trial court's

---

[1] Again, Tenn. Code Ann. § 25-5-105 (Supp. 2006) provides that once a judgment lien is created as provided in § 25-5-101(b), "it will last for the time remaining in a ten-year period from the date of final judgment entry in the court clerk's office."

grant of summary judgment in favor of the Halfords in the amount $4,853.91, the undisputed amount of the judgment lien.

Finally, the Halfords contend that they are entitled to an award of attorney's fees incurred at the proceedings below, and on appeal. In support of this argument, they rely on the Tennessee Supreme Court's decision in **Dickinson v. Bain**, 921 S.W.2d 189, 193 (Tenn. 1996), in which the Court adopted "the majority rule that under a covenant to warrant and defend title the grantee may recover reasonable attorney's fees incurred in defending the title when the grantor had notice of the pendency of the action and refused to defend." In an affidavit accompanying the Halfords' motion for summary judgment filed in the trial court, Mr. Halford stated: "I have made demand upon Harold Gunn to pay the lien or get its release but he has failed and refused to have the lien released." This fact appears to be undisputed by Mr. Gunn. In its amended final order, entered on January 22, 2007, the trial court ruled "[t]hat no attorney's fees are granted to the Plaintiffs herein."

An award of appellate attorney's fees is a matter within this Court's sound discretion. **Chaffin v. Ellis**, 211 S.W.3d 264, 294 (Tenn.Ct.App.,2006) (citing *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). When considering a request for attorney's fees on appeal, we also consider the requesting party's ability to pay such fees, the requesting party's success on appeal, whether the requesting party sought the appeal in good faith, and any other equitable factors relevant in a given case. *Id.* (citing *Darvarmanesh v. Gharacholou*, No. M2004-00262-COA-R3-CV, 2005 WL 1684050, at *16 (Tenn. Ct. App. July 19, 2005)).

We conclude that the Halfords are entitled to recover their reasonable attorney's fees incurred below as a result of their bringing suit against Mr. Gunn for his breach of the covenant against encumbrances in the warranty deed. Additionally, we find that the Halfords are entitled to their reasonable attorney's fees incurred on appeal. Therefore, the judgment of the trial court denying the Halfords request for attorney's fees is reversed, and the case is remanded to the circuit court for determination of the reasonable amount of such fees.

## V. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings. Costs are assessed against Appellant, Harold Gunn, and his surety, for which execution may issue, if necessary.

_____
ALAN E. HIGHERS, JUDGE