IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 20, 2019 Session

**SMARTBANK v. SANDRA STEPHENS**

**Appeal from the Chancery Court for Hamilton County**
**No. 08-0976  Jeffrey M. Atherton, Chancellor**

_____

**No. E2018-01900-COA-R3-CV**

_____

Appellant appeals the trial court's denial of her Tennessee Rule of Civil Procedure 60.02(3) motion for relief from a default judgment.  Appellant argues that she was not properly served, thus rendering the default judgment void *ab initio*.  Appellant also appeals the trial court's order allowing Appellee to execute its judgment on Appellant's right of survivorship interest in real property held as a tenancy by the entirety. Discerning no error, we affirm and remand.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and THOMAS R. FRIERSON, II, JJ., joined.

Adam U. Holland, Chattanooga, Tennessee, for the appellant, Sandra Stephens.

Brian P. Mickles and S. Chase Smith, Chattanooga, Tennessee, for the appellee, Smartbank.

**OPINION**

**I. Background**

On January 25, 2008, Appellant Sandra Stephens executed a promissory note in favor of Cornerstone Community Bank ("Cornerstone"), the predecessor in interest to Appellee SmartBank.  The note was in the principal amount of $50,000 and was secured by a deed of trust on Ms. Stephens' property located at 116 Hendricks Boulevard in Chattanooga.  Ms. Stephens defaulted on the note, and Cornerstone initiated foreclosure

proceedings on the Hendricks property. The property was sold at foreclosure on or about October 24, 2008, but the sale price did not cover the full amount of the debt owed by Ms. Stephens.

On or about December 5, 2008, Cornerstone filed a complaint to recover the deficiency on the note (approximately $32,000). The summons issued on January 20, 2009. According to the summons return, process server William Vance Rose "[d]ropped service [at] 6211 Pine Marr after identifying [Ms. Stephens] from attached photo." In his affidavit, Mr. Rose states that he served the summons on Saturday, February 7, 2009. Ms. Stephens did not file an answer to the complaint; on March 12, 2009, Cornerstone moved for a default judgment. On March 23, 2009, the trial court entered an order granting the default and entered a judgment against Ms. Stephens for $32,532 plus interest and attorney fees. The judgment was recorded in Hamilton County. Ms. Stephens did not pay on the judgment.

On April 15, 2016, Kathryn Faulkner conveyed to Ms. Stephens and her then-husband, Richard, as tenants by the entirety, real property located at 1315 Duncan Avenue in Chattanooga.[1] On January 30, 2018, SmartBank, as Cornerstone's successor in interest, filed a "Motion for Order of Sale of Interest in Real Property," seeking to foreclose on Ms. Stephens' survivorship interest in the Duncan Avenue property to satisfy the default judgment, *supra*.

On March 21, 2018, Ms. Stephens filed a response in opposition to SmartBank's motion for order of sale. In her response, Ms. Stephens made two substantive arguments. First, she argued that she was not properly served in the default judgment action, *supra.* Second, Ms. Stephens argued that SmartBank could not execute its lien on her survivorship interest in the Duncan Avenue property. On March 22, 2018, Ms. Stephens filed a Tennessee Rule of Civil Procedure 60.02(3) motion to set aside the March 23, 2009 default judgment based on the alleged failure of service. On March 23, 2018, SmartBank filed a response in opposition to Ms. Stephens' motion.

On March 26, 2018, the trial court heard arguments on SmartBank's motion for order of sale on Ms. Stephens' survivorship interest in the Duncan Avenue property. The court reserved ruling pending the hearing on Ms. Stephens' Rule 60.02(3) motion to set aside the default judgment. The court heard the Rule 60.02 motion on August 13, 2018. By order of September 19, 2018, the trial court denied Ms. Stephens' motion. By separate order of September 19, 2018, the trial court granted SmartBank's motion. Ms. Stephens appeals.

---

[1] At several points in the record, this conveyance is mislabeled as a joint tenancy with right of survivorship.

## II. Issues

Ms. Stephens raises three issues as stated in her brief:

1.  Does the evidence preponderate against the trial court's finding that substitute service of process was effective pursuant to Tenn. R. Civ. P. 4 *et seq*.

2.  Did the trial court abuse its discretion when it denied Appellant's motion to set aside the default judgment pursuant to Tenn. R. Civ. P. 60.02 where service of process was ineffective, and the underlying judgment obtained by default was void *ab initio*.

3.  If service was effective, may a creditor levy against a debtor's right of survivorship in a tenancy by the entirety that was created after the judgment lien against one spouse was recorded.

## III. Standard of Review

We review the trial court's decision to grant or deny a Rule 60.02 motion under the abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). In *Eldridge v. Eldridge*, 42 S.W.3d 82 (Tenn. 2001), the Tennessee Supreme Court discussed the abuse of discretion standard, stating:

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000). A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co*., 970 S.W.2d 920, 927 (Tenn. 1998).

*Eldridge*, 42 S.W.3d at 85. Appellate courts ordinarily permit discretionary decisions to stand even though reasonable judicial minds can differ concerning their soundness. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999). When reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Silliman v. City of Memphis*, 449 S.W.3d 440, 447-48 (Tenn. Ct. App. 2014) (citations omitted).

The question of whether SmartBank was entitled to levy against Ms. Stephen's

right of survivorship in a tenancy by the entirety was tried by the court sitting without a jury. As such, we review the trial court's findings of fact *de novo* on the record with the presumption that those findings are correct, "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). We review the trial court's conclusions of law *de novo* with no presumption of correctness. ***Gonsewski v. Gonsewski***, 350 S.W.3d 99, 105-106 (Tenn. 2011); ***Hyneman v. Hyneman***, 152 S.W.3d 549, 553 (Tenn. Ct. App. 2003).

Furthermore, in this case, the trial court made findings that Ms. Stephens' testimony was not credible and that Mr. Rose's testimony was credible. Specifically, in its statements from the bench, the trial court noted that Ms. Stephens' testimony that she did not reside at the Pine Marr Drive property (where Mr. Rose served the summons) proved to be false based on SmartBank's entry of exhibits showing that, at all relevant times, Ms. Stephens' vehicle was registered to the Pine Marr address, and this address was listed, with the Secretary of State, as the mailing address for Ms. Stephens' business. In its order denying Ms. Stephens' Rule 60.02(3) motion, the trial court notes the discrepancies in her testimony and states that "the facts and circumstances support the testimony of Vance Rose . . . . The facts do not support [Ms. Stephens'] testimony . . . ." Based on the foregoing inconsistencies in Ms. Stephens' testimony, the trial court specifically held that, "This Court believes the testimony of Vance Rose . . . over the testimony of [Ms. Stephens] . . . ."

With regard to credibility determinations, this Court has stated:

When a trial court has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, considerable deference must be accorded to the trial court's factual findings. Further, "[o]n an issue which hinges on the credibility of witnesses, the trial court will not be reversed unless there is found in the record clear, concrete, and convincing evidence other than the oral testimony of witnesses which contradict the trial court's findings."

***In re M.L.P.***, 228 S.W.3d 139, 143 (Tenn. Ct. App. 2007) (citing ***Seals v. England/Corsair Upholstery Mfg. Co., Inc.***, 984 S.W.2d 912, 915 (Tenn. 1999)); ***In re Estate of Leath***, 294 S.W.3d 571, 574-75 (Tenn. Ct. App. 2008). Accordingly, where issues of credibility and weight of testimony are involved, this Court will accord considerable deference to the trial court's factual findings. ***Id.***

### IV. Rule 60.02(3) Relief

In issues one and two, Ms. Stephens argues that the March 23, 2009 default judgment was void *ab initio* for lack of personal jurisdiction because she was never served by Cornerstone. Thus, she contends that the trial court erred in denying her relief under Tennessee Rule of Civil Procedure 60.02, which provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: . . . (3) the judgment is void . . . The motion shall be made within a reasonable time . . . .

In *Turner v. Turner*, 473 S.W.3d. 257 (Tenn. 2015), the Tennessee Supreme Court explained that a judgment may be void *ab initio* based on ineffective service of process, to-wit:

"[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, [the] exception to finality would swallow the rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010) (internal citation omitted). A judgment rendered by a court lacking either personal or subject matter jurisdiction is void. *Ins. Corp. of Ireland*, 456 U.S. at 694, 102 S.Ct. 2099; *Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn.2013); *Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn.1996).

***

A court obtains personal jurisdiction over a party defendant by service of process. *Ramsay v. Custer*, 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012); *see also Johnson v. McKinney*, 32 Tenn. App. 484, 222 S.W.2d 879, 883 (1948) ("The general rule is that notice by service of process *or in some other manner provided by law* is essential to give the court jurisdiction of the parties; and judgment rendered without such jurisdiction is void and subject to attack from any angle." (emphasis added)). "The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules." *Ramsay*, 387 S.W.3d at 568; *see also Overby v. Overby*, 224 Tenn. 523, 457 S.W.2d 851, 852 (1970) ("That a judgment [i]n personam against a defendant who is not before the court either by service of process or by entry of appearance is void there can be no question. It is well settled that a judgment rendered against a defendant in any kind of a case, when process has never been served on him . . . *in the way provided by law* . . .; and where there has been no voluntary appearance of the defendant, is clearly void." (emphasis added) (citation and internal quotation marks omitted)). A court "without personal jurisdiction of the defendant" is wholly "without power to proceed to an adjudication" binding on that defendant, regardless of the specific reason such jurisdiction is lacking. *Employers Reinsurance Corp. v.*

*Bryant*, 299 U.S. 374, 381, 57 S.Ct. 273, 81 L.Ed. 289 (1937).

*Turner*, 473 S.W.3d at 270 (footnote omitted) (emphases in original).

Tennessee Rule of Civil Procedure 4.04 addresses service of process on an in-state defendant and provides, in pertinent part, as follows:

Service shall be made as follows:

(1) Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service . . . .

In his affidavit, Mr. Rose states, in relevant part, that

[a]fter identifying Sandra [Stephens] in [the] yard at 6211 Pine Marr Dr. Hixson Tn. Who ran into the residence after seeing me approach in her yard. I identified her by photo attached to Affidavit. I then handed the summons to a person named Amanda who claimed to be a business assistant.

At the hearing on Ms. Stephens' Rule 60.02 motion, Mr. Rose testified that he had gone to the Pine Marr address "25, 30 times" but had not made service. Concerning the evening he served the summons, Mr. Rose explained:

It was about 7:00 [when I] went by [Ms. Stephens'] house [at 6211 Pine Marr Dr.] as the last stop on the way home . . . . I got out of the car. There w[ere] two gentlemen. There was Mrs. [Stephens] and another lady. By the time I got out of the car and started walking toward the yard, the two gentlemen were escorting Mrs. [Stephens] back towards the house. I said, Mrs. [Stephens], I'm Mr. Rose. I've got a court summons for you. They continued into the house. I was in the yard. I started filling the document out in the yard. The other lady didn't go into the house with them. They went in and closed the door. I was filling the document out to take it to the door, knock on the door. . .

Mr. Rose went on to state that as he was filling out the summons return, the "other lady," identified herself as "Amanda" and requested that Mr. Rose give her the summons. Mr. Rose stated that he gave the summons to Amanda, who then "went toward the house. I thanked her. I went toward the car. She went in the house with the document." Mr.

Rose explained that, on his numerous trips to the Pine Marr address, he had seen Amanda "on the property or in the vehicle going to or coming from the property on several occasions."

Based largely on Mr. Rose's testimony, the trial court made the following relevant findings in its order denying Ms. Stephens' motion for Rule 60.02(3) relief:

30. The proof shows that on the date of service, Vance Rose announced himself to the Defendant. That was not rebutted by Defendant.
31. The proof shows that on the date of service, Vance Rose announced his intent to serve Defendant in the presence of Defendant. That was not rebutted.
32. The facts show that on the date of service, Mr. Rose identified the Defendant and once he said he was there to serve her papers, she ran into the residence at 6211 Pine Marr Drive . . . .
33. Vance Rose testified and the Vance Rose Affidavit supports that Vance Rose delivered process to Amanda, a resident of the Property, after Defendant attempted to evade service of process.

As noted above, the trial court specifically found that Mr. Rose's testimony was credible and that Ms. Stephens' testimony "that she did not recognize Vance Rose, that she was not served with process," and any dispute concerning "facts alleged in [Mr. Rose's] affidavit" was not supported "by the facts and circumstances." As such, the trial court held that Ms. Stephens was served under Tennessee Rule of Civil Procedure 4.04 and denied her relief from the default judgment. As discussed above, "[o]n an issue which hinges on the credibility of witnesses, the trial court will not be reversed unless there is found in the record clear, concrete, and convincing evidence other than the oral testimony of witnesses which contradict the trial court's findings." *Seals v. England/Corsair Upholstery Mfg. Co., Inc.*, 984 S.W.2d at 915. From our review of the record, and in view of the trial court's credibility findings, we conclude that there is sufficient evidence to support the trial court's conclusion that Ms. Stephens was served with process such that she is not entitled to relief from the default judgment under Tennessee Rule of Civil Procedure 60.02(3).

### V. Execution on Ms. Stephens' Right of Survivorship in Real Property

In her third issue, Ms. Stephens' argues that SmartBank cannot execute its judgment by sale of her survivorship interest in the 1315 Duncan Avenue property, which is held as a tenancy by the entirety. By order of September 19, 2018, the trial court granted SmartBank's motion to sell Ms. Stephens' survivorship interest in the Duncan Avenue property. On appeal, Ms. Stephen's specifically argues: (1) that SmartBank cannot execute on a right of survivorship in real property; and (2) because the Stephens commenced divorce proceedings during the pendency of this case, the trial court lacked

jurisdiction over the Duncan Avenue property because it was an asset in the marital estate.

In granting SmartBank's motion, the trial court relied on the Tennessee Supreme Court case of *Weaver v. Hamrick*, 907 S.W.2d 385 (Tenn. 1995), wherein the Court explained:

> Under tenancy by the entirety, the husband and wife as a unit have the right to the current use and enjoyment of the property. As individuals, they each possess a right of survivorship: if one spouse dies, then the other spouse takes the property in fee simple absolute. **Each spouse may convey his or her right of survivorship without the consent of the other**. However, the husband and wife's present right to use and enjoy the property may be transferred only by consent of both the husband and the wife. **Therefore, a third party, such as a lien creditor, may own one spouse's right of survivorship without the consent of the other spouse**, but a third party may not own a present possessory interest in the property without the approval of both spouses. Accordingly, a creditor of only one spouse may execute a judgment against only that spouse's right of survivorship but not against the spouse's present possessory interest.

*Weaver*, 907 S.W.2d at 388 (quoting *In re Arango*, 992 F.2d 611, 613-14 (6th Cir.1993)) (emphases added). In arguing that SmartBank may not execute on her interest in the Duncan Avenue property, Ms. Stephens' appears to ignore the distinction between a possessory interest in real property and a survivorship interest in real property. While SmartBank may not execute on Ms. Stephens' current possessory interest, it may, under the holding in *Weaver*, execute on her survivorship interest. In *In re Hawkins*, 53 B.R. 18 (Bank. M.D. Tenn. 1985), the court succinctly explained:

> What is the effect of one spouse's attempt to transfer an interest in an estate by the entirety without the consent of the other spouse? This question has been previously addressed by our courts. A spouse's attempt to transfer or encumber a tenancy by the entirety without the consent of the other does not affect the interest of the nonconsenting spouse. *Robinson v. Trousdale* County, 516 S.W.2d 626, 632 (Tenn. 1974); *Covington*[*v. Murray*], 416 S.W.2d [761,] at 764 [(Tenn. 1967)]; *Clark v. Clark*, 620 S.W.2d 536, 537-38 (Tenn.Ct.App.1981). A spouse "cannot sell or encumber anything but [his or her] own interest in an estate owned by the entireties." *Clark*, 620 S.W.2d at 538 (citing *Irwin v. Dawson*, 197 Tenn. 314, 273 S.W.2d 6, 7 (Tenn.1954)). Thus, a spouse's transfer or encumbrance of property owned by tenancy by the entirety without the consent of the other spouse transfers or encumbers only the first spouse's right of survivorship. *In re Crim*, 81 S.W.3d 764, 770 (Tenn. 2002); *Robinson*, 516 S.W.2d at 632.

> Furthermore, it has been held that a divorce that destroyed a tenancy by the entirety had no effect on the rights of a purchaser of a survivorship interest. ***Third Nat'l Bank v. Knobler***, 789 S.W.2d 254, 255 (Tenn.1990) (citing ***Ames*** [***v. Norman***,] 36 Tenn. [(4 Sneed) 683,] at 696-97[, 1857 WL 2544, at *5 (Tenn.1857))].

***Id.*** at 19. As such, Tennessee courts have consistently held that a secured creditor may execute on a debtor's survivorship interest in a tenancy by the entirety. *See, e.g.*, ***Third National Bank v. Knobler***, 789 S.W.2d 254 (Tenn. 1990); ***In re Stephenson***, 19 B.R. 185 (Bankr. M.D. Tenn. 1982) ("Tennessee accords . . . creditors the right to levy on the spouse's survivorship interest."). In support of her argument that SmartBank may not execute on her survivorship interest in the Duncan Avenue property without usurping her then-spouse's interest in same, Ms. Stephens relies on the case of ***Bryant v. Bryant***, 522 S.W.3d 392 (Tenn. 2017) for the proposition that "there is no right of survivorship in a tenancy by the entireties." The ***Bryant*** case, however, is readily distinguishable from the instant appeal. ***Bryant*** involved a property interest dispute between two spouses as tenants by the entirety, and there was no third-party secured creditor as there is in this case. The issue before the ***Bryant*** court was whether a joint tenancy with an express right of survivorship may be severed by the unilateral actions of one of the co-tenants. In distinguishing a joint tenancy from a tenancy by the entireties, the ***Bryant*** court held that:

> When property is held in a tenancy by the entirety, upon the death of one spouse, the survivor continues to own the whole in fee simple. Technically, then, the surviving spouse does not acquire the fee simple interest through a right of survivorship; the survivor "enjoys the whole [after the death of the other spouse], ... not because any new or further estate or interest becomes vested, but because of the original conveyance, and of the same estate and same quantity of estate as at the time the conveyance was perfected." ***Id.*** (quoting Den, 10 N.J.L. at 45) (explaining that **"[b]etween husband and wife**, the *jus accrescendi* [right of survivorship] does not exist"); *see **Cole Mfg. Co. v. Collier***, 95 Tenn. 115, 31 S.W. 1000, 1001 (1895); ***Moore v. Cole***, 200 Tenn. 43, 289 S.W.2d 695, 698 (1956) . . . .

***Bryant***, 522 S.W.3d at 400 (emphasis added). Contrary to Ms. Stephens' reading of the case, the ***Bryant*** Court did not hold that a tenancy by the entirety does not create a right of survivorship **in each spouse**; rather, the court merely held that a survivorship right is not created **between the spouses**. As noted by the ***Weaver*** Court, *supra*, "as individuals, each [spouse] possess[s] a right of survivorship." However, no such right of survivorship is necessary when the dispute concerning ownership is between only the spouses; this is because each owns the whole property in fee simple and does not acquire the property through the right of survivorship. The ***Bryant*** Court did not address the question urged in this appeal, which is whether one spouse's survivorship interest may be encumbered

- 9 -

by a third-party creditor. This question was answered by the *Weaver* Court, to-wit:

> [e]ach spouse may convey his or her right of survivorship without the consent of the other. However, the husband and wife's present right to use and enjoy the property may be transferred only by consent of both the husband and the wife. Therefore, a third party, such as a lien creditor, may own one spouse's right of survivorship without the consent of the other spouse, but a third party may not own a present possessory interest in the property without the approval of both spouses.

*Weaver*, 907 S.W.2d at 388. Accordingly, SmartBank may hold a lien on Ms. Stephens' survivorship interest in the Duncan Avenue property, but may not force a sale of the property, which action would usurp her co-tenant's ownership and possessory right in the property. The trial court did not err in so finding.

Ms. Stephens next argues that jurisdiction over the Duncan Avenue property lies with the divorce court because it is part of the marital estate. Thus, she contends that the trial court had no jurisdiction to grant SmartBank execution of its lien against the property. We disagree. The *Knobler* case presents a factually similar situation to the one at bar. In *Knobler*, prior to their divorce, the Knoblers owned real property by the entirety. Before the dissolution of that tenancy, but during the pendency of their divorce action, a creditor bank levied on Mr. Knobler's right of survivorship in one of the properties. *Knobler*, 789 S.W.2d at 254. The Tennessee Supreme Court, in reversing the Court of Appeals' holding that "the sale of the property destroyed the survivorship interest of Mr. Knobler," stated that "the right of survivorship, previously conveyed or attached by a judgment creditor, is not destroyed by the dissolution of the tenancy by the entireties." *Id.* at 255. The *Knobler* Court allowed the judgment creditor to have the survivorship interest sold and the proceeds applied to satisfy its lien. This Court reached the same conclusion in *Tom Denton Ford, Inc. v. Stoehr*, No. 01A01-9406-CH0-00288, 1995 WL 3684, at *2 (Tenn. Ct. App., Jan. 4, 1995) ("The judgment lien binds the survivorship interest of [husband] . . . in the property. The right of survivorship which has been attached by a judgment creditor is not destroyed by the dissolution of the tenancy by the entireties."). Likewise, in *Weaks v. Gress*, 225 Tenn. 593, 474 S.W.2d 424 (Tenn. 1971), a case involving a transfer of property owned by the entirety and encumbered by a judgment lien against only the husband, the Tennessee Supreme Court stated that

> "the assignee of the husband, or purchaser at execution sale, can acquire no other or greater interest than was vested in the husband; and, consequently, he holds in subordination to the contingent right of the wife, who, in case she survives the husband, becomes the absolute owner of the whole estate."

*Id.* at 426 (quoting *Ames v. Norman*, 36 Tenn. (4 Sneed) 683, 1857 WL 2544, at *5 (Tenn.1857)). Although the trial court has no authority to either order the sale of the

- 10 -

Duncan Avenue property, or to divide the property between Ms. Stephens' and her husband, the trial court has clear authority to allow SmartBank to execute its judgment lien on Ms. Stephens' survivorship interest in the property. The trial court's jurisdiction to do so is not usurped by the jurisdiction of the divorce court to award this asset.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's orders. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Sandra Stephens, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE